434 So.2d 1035 (1983)
STATE of Florida ex rel. Janet RENO and the Miami Herald Publishing Company, Appellants,
v.
Howard NEU, Mayor Robert Lippelman, James Devaney, Diane Lord Brannen and John A. Hagerty, As Members of the North Miami City Council, Appellees.
No. 83-12.
District Court of Appeal of Florida, Third District.
July 26, 1983.
Janet Reno and Thomas K. Petersen, Paul & Thomson and Sanford L. Bohrer and Steve M. Kamp, Richard J. Ovelmen, Miami, for appellants.
Simon, Schindler & Hurst and Thomas Martin Pflaum, Miami, for appellees.
Jim Smith, Atty. Gen., and Gerry Hammond and Joslyn Wilson, Asst. Attys. Gen., for the State of Fla., as amicus curiae.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
The state attorney and the Miami Herald appeal from a declaratory judgment that a proposed meeting between the City Council of the City of North Miami and the City Attorney was not subject to the Sunshine Law, Section 286.011, Florida Statutes (1981) and therefore need not be open without qualification to the general public. It was stipulated that
[a]t such meeting the City Attorney intended to discuss the potential liability and strengths and weaknesses of pending cases to which the City was at that time a party and evaluate them so that the City Council could make a determination as to a settlement position, including a range of settlement figures and conditions.
We believe that this issue has been squarely determined by the supreme court to the contrary of the result below. In Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969), the court affirmed a judgment that the following meetings were subject to the Sunshine Law:
... conferences ... in advance of [school board]... meetings. There were three types of matters in which the board at these conference meetings did arrive at decisions. One dealt with matters involving the possible castigation or suspension of personnel; acquisition of or sale of real estate; and the third were circumstances under which they wanted to confer with their counsel. [e.s.]
224 So.2d at 696. Even more specifically, in City of Miami Beach v. Berns, 245 So.2d 38 *1036 (Fla. 1971), in answer to a certified question, it was held that
a city council [of a municipal corporation] can no longer hold informal executive sessions at which the public is excluded for the discussion of condemnation matters, personnel matters, pending litigation or any other matter relating to city government. [e.s.]
245 So.2d at 39. The court stated that these sessions must be held in the sunshine on the ground that
[i]t is the law's intent that any meeting, relating to any matter on which foreseeable action will be taken, occur openly and publicly.
245 So.2d at 41.
We do not believe, as the city argues, that these direct holdings have been affected either by Bassett v. Braddock, 262 So.2d 425 (Fla. 1972), which dealt with a quite different question arising under the public employee-collective bargaining provision of the Constitution, or, since exceptions to the Sunshine Law may be created only by "the Constitution," Section 286.011(1), Florida Statutes (1981), by the attorney-client privilege arguably granted municipalities by the Evidence Code. Section 90.502, Florida Statutes (1981). We are therefore required by the dictates of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) to reverse the judgment below on the authority of Doran and Berns.
Because of the obvious continuing significance of the issue, however, and in order to permit the supreme court to revisit the question if it desires, we hereby certify, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), and Article V, Section 3(b), Florida Constitution, that this decision passes upon the following question of great public importance:
Whether the Sunshine Law applies to meetings between a City Council and the City Attorney held for the purpose of discussing the settlement of pending litigation to which the city is a party.
Reversed, question certified.