BASKIN, Judge.
The Dade County School Board and Leonard Britton, its superintendent, appeal from a peremptory writ of Mandamus ordering that the school board make accessible to the Miami Herald records contained in the personnel file of deceased teacher Carl Brown. Although counsel for the school board presented an impressive plai-doyer, we are unable to agree with the board’s position. We affirm the trial court’s order, holding that the requested records are subject to disclosure under chapter 119, Florida Statutes (1981) and that no lawful exemption impinged on Florida’s broad public policy of access to government documents.
Carl Brown had served as a civics and history teacher in the Dade County school system for more than twenty years when, in December 1981, reports of Brown’s apparent inability to teach effectively caused his principal to refer him for consultation with Dade County’s employee assistance program. After the consultation, Brown underwent examination by a school board psychiatrist. A month later, the school board removed him from his teaching duties and placed him on medical leave to enable him to obtain additional treatment. In August, 1982, the psychiatrist who had been treating Brown found no indications of violent behavior or aggressiveness and stated that Brown displayed no interest in harming anyone. Ironically, two days after the psychiatrist made this diagnosis, Brown, in a rage following an argument over a lawn mower repair bill, returned to the repair shop and killed eight people with a shotgun. As Brown was leaving the scene on a bicycle, he was pursued and killed by an outraged eyewitness.
Following this series of events the Herald published a number of articles about Brown. The articles contained interviews with Brown’s former school associates, school administrators, the school board’s psychiatrist, friends, family and others. On August 26, 1982, alleging a journalistic “investigation into the murders allegedly committed by Brown and in inquiry into the manner in which the School Board conducts its public duties regarding the selection, monitoring, and evaluation of school teachers”, the Miami Herald and Herald reporter Mark Silva formally requested Dade County School Board Superintendent Leonard Britton to permit the inspection of Brown’s personnel file. They cited chapter 119, Florida Statutes (1981) and former section 231.29(7), Florida Statutes (1982) as authority for their right of access to these “public records.” Superintendent Britton denied their request. Britton interpreted the 1982 changes in section 231 as the legislature’s expression of intent to protect the rights of public school employees and their families by shielding personnel files from public inspection. Britton had determined that the 1982 administrative directives regarding access to public school personnel files *270 under former section 231.29(7) precluded public inspection of the files.
On August 31, 1982, in response to the school board’s denial of access to the Brown files, the Miami Herald filed a petition for writ of mandamus, seeking to compel the school board to permit inspection of the records. The trial court granted the writ, directing the school board to disclose the Brown records to the Herald. The trial court found that Brown’s personnel file constituted a “public record” within the meaning of section 119.011(1), Florida Statutes (1981) and was not exempt from public disclosure under former section 231.29(7). Subsequent to the issuance of the trial court’s writ, the legislature enacted section 231.291 repealing section 231.29(7) and providing a completely new regulatory scheme for maintaining school employees’ personnel files. The new statute governs access to and disclosure of files and provides for the future confidentiality of specific matters contained in the personnel records.
When the new statute became effective on July 1, 1983, the Miami Herald made a public records request under its provisions. In response to this request the school board released to the Herald those portions of the Carl Brown file no longer protected by law. That disclosure rendered moot a portion of this appeal; however, the Miami Herald still seeks inspection of other material contained in the Brown file, specifically: annual employee evaluations, medical psychiatric and psychological records and payroll deduction records related to Brown’s psychological condition. The Herald asserts that the requested records should be available to enable it to educate and inform the public about the school board’s performance with regard to teacher evaluation and to shed light on the school board’s protection of students from incompetent or unstable teachers.
Before deciding questions pertaining to the right of access to the requested personnel records, we must determine which statute governs the Herald’s request. The specific issue here is whether the new law, section 231.291, Florida Statutes (1983), applies retroactively to exempt the Carl Brown records from disclosure, and if section 231.291 is non-retroactive, whether the former statute, section 231.29(7), was correctly interpreted and applied by the court below to permit disclosure.
First, we address the applicability of the recent enactment effective July 1, 1983. Section 231.291 provides in relevant part:
Section 1. Subsection (7) of section 231.29, Florida Statutes, 1982 Supplement, as amended by chapter 82-242, Laws of Florida, is hereby repealed.
Section 2. Section 231.291, Florida Statutes, is created to read:
231.291 Personnel files. — Public school system employee personnel files shall be maintained according to the following provisions:
[[Image here]]
(3)(a) Public school system employee personnel files are subject to the provisions of chapter 119, except as follows:
[[Image here]]
2. Employee evaluations prepared pursuant to s. 231.17(3), s. 231.29, s. 231.-36, or rules adopted by the State Board of Education or a local school board under the authority of said sections, shall be confidential until the end of the school year immediately following the school year during which each evaluation is made. No evaluations prepared prior to the effective date of this act shall be made public pursuant to this section.
[[Image here]]
5. Employee medical records, including psychiatric and psychological records, shall be confidential; provided, however, at any hearing relative to an employee’s competence or performance, the hearing officer or panel shall have access to such records.
[[Image here]]
Section 6. This act shall take effect July 1, 1983.
The well-settled rule of statutory construction is that in the absence of an express manifestation of legislative intent to the *271 contrary, the presumption is against retroactive application of a statute. Seddon v. Harpster, 403 So.2d 409 (Fla.1981); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977); Fleeman v. Case, 342 So.2d 815 (Fla.1976); Foley v. Morris, 339 So.2d 215 (Fla.1976). See also State v. Lavazzoli, 434 So.2d 321 (Fla.1983). The new act contains no expression of retroactivity by the legislature. We agree with the Miami Herald’s assertion that the delayed inspection provision contained in subsection (3)(a)(2) of the new act is expressly non-retroactive. It states:
No evaluations prepared prior to the effective date of this act shall be made public pursuant to this section.
Thus, according to the plain language of this section, prior evaluations are expressly not subject to the regulations of the new statute. Silence in the remaining portions of the new act regarding retroactivity clearly indicates that the legislature did not intend that this section be applied retroactively. There is, furthermore, no merit in this case in the school board’s contention that retroactivity may be inferred from statutory history indicating the legislature’s intent to protect evaluations and medical records in personnel files. Whether a statute is intended to operate retroactively must be determined on the basis of the express language of the specific law. In Fleeman at 817-18, the court stated:
We can restrict the debate on a legislative “intent” for retroactivity to the floor of [the legislature], as well as avoid judicial intrusions into the domain of the legislative branch, if we insist that a declaration of retroactive application be made expressly in the legislation under review. By this means the forward or backward reach of proposed laws is irrevocably assigned in the forum best suited to determine that issue, and the judiciary is limited only to determining in appropriate cases whether the expressed retroactive application of the law collides with any overriding constitutional provision. (emphasis added)
Finding no express manifestation of retroactive intent in the application of section 231.191, we hold that the act has no retroactive effect. See Avila South Condominium Association v. Kappa Corporation, 347 So.2d 599 (Fla.1977); Fleeman.
We now determine whether the trial court correctly construed and applied the controlling statute, former section 231.-29(7), to permit access to the Brown personnel records.
In its peremptory writ of mandamus, the court found, in pertinent part:
1. The personnel file of Carl Brown is a “public record” within the meaning of Section 119.011(1), Florida Statutes (1981). Gadd v. News-Press Pub. Co., 412 So.2d 894 (Fla. 2d DCA 1982), Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981).
2. As codified in the Public Records Act, it is the policy of this state that “all state, county, and municipal records shall at all times be open for public inspection by any person.” F.S. 119.01. Under the law, there are certain exemptions.
All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1). Section 119.07(3)(a), Florida Statutes (1981).
3. Respondents maintain that the requested personnel file is exempt from disclosure pursuant to section 231.29(7) Florida Statutes (1982) which provides:
The personnel file of each (school board) employee shall be open to inspection only by the school board, the superintendent, the principal, the employee himself and such other persons as the employee or the superintendent may authorize in writing.
4. The superintendent, Leonard Brit-ton, has interpreted the statute to exclude from the category of persons eligible to inspect the records, “the press or public at large.” ... The articulated basis for denying the public access to the *272 file is twofold: 1) to encourage the free flow of information regarding school board employees, and 2) to protect the right of privacy of employees.... Since by the very terms of the statute, neither of these rationales could apply, Britton’s restrictive interpretation must be rejected.
[[Image here]]
[T]he statute may not be read as Mr. Britton reads it, so as to exclude the public from access to the personnel files of school board employees, in every case.
7. As asserted by Petitioners, the public has a right to inspect the personnel file of Carl Brown in furtherance of a bona fide inquiry into the manner in which the School Board performs its public duty of evaluating and assigning public school teachers.
Whether this ‘right to know’ is elevated to the status of a constitutional right under the First Amendment, as Petitioners maintain,[2] or is a matter of public policy as expressed in the Public Records Act, the right cannot be cut off by the superintendent's restrictive interpretation of FS 321.29(7) which would deny the public access to personnel files, under any circumstances.
8. This reading of the statute cannot be upheld since the legislature clearly has not declared that these records are absolutely exempt from disclosure. Indeed, the legislature has permitted their disclosure as circumstances of a given situation may warrant and has left it to the superintendent to delineate those circumstances. Whether we view Mr. Brit-ton’s position as a failure to exercise his discretion under the law, or as an arbitrary or irrational exercise of that discretion, the result is the same.
9. Mr. Britton neither questions the good faith of Petitioners’ claim nor sets forth any basis for denying access in this case. Therefore, Petitioners’ showing of need stands virtually unrebutted and there is little question but that the records must be disclosed.
10.The Court, finding that FS 231.-29(7) has been unconstitutionally applied, does not reach the question of whether the statute is unconstitutional on its face. If the statute were read so as to create in the superintendent the absolute and unfettered discretion to deny the public access to these records in every instance, there would be a need to address its facial constitutionality. However, as set forth above, the Court concludes the statute gives Mr. Britton discretion which must be, but has not here been, constitutionally exercised.
In accordance with the aforesaid, Findings of Fact and Conclusions of Law, it is hereby ORDERED AND ADJUDGED that Respondents Dade County School Board and Leonard Britton forthwith permit Petitioners, The Miami Herald Publishing Company and Mark Silva to inspect the personnel file of Carl Brown.
The trial court essentially decided that the school board failed to present a legally sufficient rationale for barring the Miami Herald from its right of access to public documents as provided by chapter 119. The school board’s reasons for exempting the personnel files from public disclosure, namely, the protection of the privacy interests of employees and the fostering of the free flow of information, were found inadequate to overcome the strong policy in favor of openness. Concurring with the trial court, we find that the school board’s action in denying disclosure to the Herald of the Carl Brown personnel file constituted an arbitrary exercise of its discretion under former section 231.29(7). See State ex rel. Roberts v. Knox, 153 Fla. 165, 14 So.2d 262 (1943) (an officer exercising administrative discretion should not act in an arbitrary or capricious manner).
Under the circumstances of this case, we hold that the trial court correctly deter *273 mined that chapter 119 and former section 231.29(7) require disclosure.
Affirmed.

 See Richmond Newspapers, Inc. v. Commonwealth of Virginia, 448 U.S. 555 [100 S.Ct. 2814, 65 L.Ed.2d 973] (1980); Globe Newspaper v. Superior Court [457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248], 50 U.S.L.W. 4759 (June 23, 1982).