452 So.2d 572 (1984)
The MIAMI HERALD PUBLISHING COMPANY, A dIVISION OF KNIGHT-RIDDER NEWSPAPERS, Inc., a Florida Corporation, Appellant,
v.
CITY OF NORTH MIAMI, a Municipal Corporation of the State of Florida; Tobias Simon, As City Attorney for the City of North Miami; Mayor Howard Neu, James Devaney, John Hagerty, Robert Lippelman, and Diane Brannen, As Members of the City Council of the City of North Miami, Appellees.
No. 83-688.
District Court of Appeal of Florida, Third District.
February 14, 1984.
Richard J. Ovelmen, Thomson Zeder Bohrer Werth Adorno & Razook, Miami, and Susan H. Aprill, Coral Gables, for appellant.
Simon, Schindler & Hurst and Thomas M. Pflaum, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
The question presented by this appeal is whether the Florida Evidence Code exempts from disclosure pursuant to the Public Records Act, chapter 119, Florida Statutes (1981), certain written communications between the City of North Miami and its city attorney. This is the second appearance of this case before this court. In the first appeal, Miami Herald Publishing Co. v. City of North Miami, 420 So.2d 653 (Fla. 3d DCA 1982), we considered the order of the trial court which, upon a holding that the lawyer-client privilege exempted the records in question, denied the Herald's petition for a writ of mandamus. We vacated the order and remanded with directions to examine in camera the records in question to determine which, if any, were actually privileged communications. Following its in camera examination of the records the trial court held that certain written communications pertinent to litigation presently pending in separate suits between North Miami and other parties were privileged under section 90.502, Florida Statutes (1981), the lawyer-client privilege section of the Evidence Code and, therefore, exempt from disclosure pursuant to the Public Records Act.[1] We find, contrary to the trial court's holding, that they are not exempt and, accordingly, reverse with directions to issue the writ of mandamus.
*573 Only public records provided by statute to be confidential or which are expressly exempted by general or special law from disclosure under the Public Records Act are exempt. Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979); see § 119.07(3)(a), Fla. Stat. (1981). It is true that the Evidence Code makes "confidential" certain communications between a lawyer and client, see § 90.502(1)(c), Fla. Stat. (1981), and gives to a client the privilege of refusing to disclose or allowing any other person to disclose these communications, see § 90.502(2), Fla. Stat. (1981). This provision of the Evidence Code is limited in its scope, however, to certain proceedings defined by the Florida Supreme Court as follows: "(1) criminal proceedings related to crimes committed on or after July 1, 1979; (2) civil actions accruing after July 1, 1979; and (3) other proceedings brought after July 1, 1979," In re Florida Evidence Code, 376 So.2d 1161, 1162 (Fla. 1979); see also § 90.103(1), Fla. Stat. (1981) (wherein the Evidence Code provides that "[u]nless otherwise provided by statute, this code applies to the same proceedings that the general law of evidence applied to before the effective date of this code"); Black's Law Dictionary 499 (rev. 5th ed. 1979) (defining "evidence codes" as "[s]tatutory provisions governing admissibility of evidence and burden of proof at hearings and trials"); Black's Law Dictionary 500 (rev. 5th ed. 1979) (defining "evidence rules" as "[r]ules which govern the admissibility of evidence at hearings and trials"). Although public entities are included in the definition of the term "client" in the lawyer-client privilege section of the Evidence Code, see § 90.502(1)(b), Fla. Stat. (1981), this is merely to ensure that the privileged communications of a public entity will not be admitted into evidence in judicial proceedings.[2]
"It is the policy of this state that all state, county and municipal records shall at all times be open for a personal inspection by any person." § 119.01(1), Fla. Stat. (1981) (emphasis added). We find no indication that the legislature intended by enactment of the Evidence Code, with its narrowly defined scope, to abrogate this preeminent public policy. See also State of Florida, Department of Highway Safety & Motor Vehicles v. Kropff, 445 So.2d 1068 (Fla. 3d DCA 1984) (the scope of section 284.40, Florida Statutes (1981), creates an exemption from the Public Records Act). Compare § 90.103(1), Fla. Stat. (1981) (Evidence Code applies only to admissibility of evidence in judicial proceedings), with § 284.40, Fla. Stat. (1981) (claim files maintained by the Division of Risk Management are privileged and confidential and are only for usage by the Department of Insurance in fulfilling its duties and responsibilities under this section).
This court has previously held that a meeting between the North Miami city council and the North Miami city attorney was not exempt from the equally preeminent public policy behind Florida's Sunshine Law, § 286.011, Fla. Stat. (1981). See State ex rel. Reno v. Neu, 434 So.2d 1035 (Fla. 3d DCA 1983). We now hold that the Evidence Code does not exempt from disclosure pursuant to a chapter 119 public records request a lawyer's written communications with his public-entity client. We agree with and adopt the analysis of Judge Nesbitt who said in Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), review denied mem., 426 So.2d 27 (Fla. 1983),

*574 We would be less than candid if we did not acknowledge that, as the present case demonstrates, public agencies are placed at a disadvantage, compared to private persons, when faced with potential litigation claims. It is also pertinent to observe that the wisdom of such a policy resides exclusively within the province of the legislature,
Id. at 1055; see Wait. If there is to be a lawyer-client privilege exemption from the Public Records Act, the legislature is free to enact such a law. They have not, as yet, chosen to do so.[3]
As we did in Neu, because of the significance of the issue, we certify that this decision passes upon a question of great public importance:
Does the lawyer-client privilege section of the Florida Evidence Code exempt from the disclosure requirements of the Public Records Act written communications between a lawyer and his public-entity client?
Reversed with directions. Question certified.
NOTES
[1] The trial court declined to consider any ground for exemption from the disclosure requirements of the Public Records Act other than that contained in our directions to determine which written communications were privileged. North Miami asserted that section 624.311(3), Florida Statutes (Supp. 1982), exempts certain confidential communications. Because the Herald requested the material in question before section 624.311 became effective, it has no effect on this case. Amendments to chapter 624 operate prospectively absent specific legislative intent to the contrary. § 624.21, Fla. Stat. (Supp. 1982). See also Seddon v. Harpster, 403 So.2d 409 (Fla. 1981) (in the absence of an express manifestation of legislative intent to the contrary the presumption is against retrospective application of a statute); Dade County School Bd. v. Miami Herald Publishing Co., 443 So.2d 268 (Fla. 3d DCA 1983) (same).
[2] We note that when the supreme court decided in Wait that no statutory lawyer-client privilege exemption from the Public Records Act existed, the Evidence Code had already been enacted by the legislature three years earlier. The effective date of the Evidence Code was July 1, 1979; rehearing was denied in Wait on June 21, 1979.
[3] Over the course of the 1979 through 1983 legislative sessions, the legislature has rejected no less than seven bills that attempted to create a lawyer-client exemption to the Public Records Act.