Mr. William A. Liquori Chief of Police City of Altamonte Springs 225 Newburyport Avenue Altamonte Springs, Florida 32701
Dear Chief Liquori:
This is in response to your request as Chief of Police for the City of Altamonte Springs for an opinion on substantially the following questions:
 (1) WHAT RECORDS OF A MUNICIPAL POLICE DEPARTMENT ARE NOT PUBLIC RECORDS PURSUANT TO THE BAKER ACT, CH. 394, F.S.?
 (2) WHAT RECORDS OF A MUNICIPAL POLICE DEPARTMENT ARE CONFIDENTIAL BY LAW, PURSUANT TO THE MYERS ACT, CH. 396, F.S.?
According to your inquiry and supplemental information provided to this office, you are in doubt as to whether particular records compiled by your agency are included within the purview of ss.394.459(9) and 396.112(1), F.S. Specifically, you have informed me that, in the case of a person taken into custody for involuntary examination pursuant to s. 394.463(2), F.S., your agency prepares an "Event Form," which includes a synopsis of an event which is reported to and investigated by the Altamonte Springs Police Department; an "Incident Report-Narrative Form;" and a separate "Report of Law Enforcement Officer" form approved by the Department of Health and Rehabilitative Services and executed pursuant to s. 394.463(2)(a)2., F.S. In the case of a person detained and transported pursuant to s. 396.072, F.S., your agency apparently prepares the above-described "Incident Report-Narrative Form" and a form normally used when a person is arrested with references to "Arrest" deleted, but it does not appear that your agency prepares or compiles any other information or submits any other type of report on such persons.
Florida's Public Records Law, Ch. 119, F.S., requires every person having custody of a public record to permit inspection and examination of the record by any person desiring to do so at reasonable times, under reasonable conditions, and under supervision by the custodian or his designee, and further requires the custodian to furnish a copy of the record on payment of the fee prescribed by law or, if no fee is prescribed, on payment of the actual cost of duplication, as therein defined. Section119.07(1)(a), F.S. See also, s. 119.011(1), F.S., broadly defining "public records" to include in pertinent part "documents . . . made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency;" and s.119.011(2), F.S., defining "agency" to include in pertinent part "any . . . municipal officer [or] department. . . ." However, a public record which is "presently provided by law to be confidential," or which is "prohibited from being inspected by the public, whether by general or special law," is exempt from the provisions of s.119.07(1)(a). Section 119.07(3)(a), F.S. See, Wait v. Florida Power and Light Company, 372 So.2d 420 (Fla. 1979) (s. 119.07[3][a] exempts only those records made confidential by statutory law). In AGO 80-96, this office stated that police crime and arrest reports are public records subject to public inspection under Ch. 119. See also, AGO 84-33, concluding that only such portions of the initial complaint and arrest report in a criminal case which reveal the "substance of a confession" are exempt from s. 119.07(1)(a).
Finally, as pertinent to your inquiry, Florida courts have held that the Public Records Law is to be liberally construed in favor of open government, that exemptions from disclosure are to be construed narrowly and limited to their stated purposes, and that any doubt as to the existence of an exemption should be resolved in favor of disclosure rather than secrecy. See, Tribune Company v. In re Public Records, P.C.S.O. # 79-35504 Miller/Jent,493 So.2d 480 (2 D.C.A. Fla., 1986); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (4 D.C.A. Fla., 1985), rev. denied, 488 So.2d 67 (Fla. 1986); Miami Herald Publishing Company v. City of North Miami, 452 So.2d 572 (3 D.C.A. Fla., 1984), approved, 468 So.2d 218 (Fla. 1985).
QUESTION ONE
Pursuant to s. 394.463(1), F.S., a person may be taken to a receiving facility for involuntary examination if there is reason to believe he is mentally ill and if certain criteria are met. As pertinent to your inquiry, s. 394.463(2)(a)2., F.S., provides for initiation of an involuntary examination in the following manner:
A law enforcement officer shall take a person who appears to meet the criteria for involuntary examination into custody and deliver him or have him delivered to the nearest receiving facility for examination. The officer shall execute a written report detailing the circumstances under which the person was taken into custody, and the report shall be made a part of the patient's clinical record.
See, s. 394.455(14), F.S., as amended by s. 11, Ch. 86-145, Laws of Florida, defining "law enforcement officer" to include a city police officer; and s. 394.455(18), F.S., defining "clinical record" as meaning "all parts of the record required to be maintained" and including "all medical records, progress notes, charts, admission and discharge data, and all other information recorded by a facility which pertains to the patient's hospitalization and treatment." Section 394.459(9), F.S., provides that a clinical record for each patient shall be maintained and that such record shall include data pertaining to admission and such other information as may be required under rules of the Department of Health and Rehabilitative Services. See generally, Ch. 10E-5, F.A.C. Section 394.459(9) further provides for "the privileged and confidential status of the clinical record" and particularly specifies that "[t]he clinical record shall not be a public record; and no part of it shall be released," with certain exceptions, including in paragraph (f) thereof the requirement that "[a]ny law enforcement agency . . . that receives information pursuant to this subsection shall maintain such information as a nonpublic record as otherwise provided herein." (e.s.) See also, Rule 10E-5.38, F.A.C. (clinical record of every patient is confidential).
As noted herein, your agency prepares an "Event Form," an "Incident Report-Narrative Form," and a separate "Report of Law Enforcement Officer" form when a person is taken into custody pursuant to s. 394.463(2)(a)2., F.S. It appears from the provisions of s. 394.463(2)(a)2. and s. 394.459(9), F.S., that only this latter "Report of Law Enforcement Officer" form, which is statutorily required to be included in the clinical record of a patient, is confidential and statutorily declared not to be a public record. Moreover, it further appears that s. 394.459(9)(f), F.S., in requiring any law enforcement agency that receives information pursuant to that subsection, which is titled "CLINICAL RECORD; CONFIDENTIALITY," to maintain such information as a nonpublic record, has reference only to information contained in the clinical record which may be released or disclosed pursuant to one of the exceptions to confidentiality enumerated in s.394.459(9)(a)-(h), F.S. See, Staff Analysis, Florida Senate Committee on Health and Rehabilitative Services, CS/SB 797 (enacted into law as Ch. 84-285, Laws of Florida), 1984 Session, which noted that s. 6 of Ch. 84-285, supra, in adding subsections (e) and (f) to s. 394.459(9), F.S., would have the effect of, respectively, "allowing for release of information when a patient has expressed an intention to harm" and "requiring law enforcement to maintain confidentiality of certain information released." Therefore, I am unable to conclude that other records such as the "Event Form" and "Incident Report-Narrative Form" which appear to be analogous to crime and arrest reports are rendered nonpublic records or otherwise exempted from the provisions of s.119.07(1)(a), F.S., by any provision of Ch. 394, F.S. To conclude otherwise would require a broad, rather than narrow, construction of the existing public records exemption in Ch. 394, one which favors secrecy rather than disclosure, contrary to the case authorities discussed herein.
QUESTION TWO
Section 396.072(1), F.S., provides in pertinent part that a "peace officer," including municipal police officers, see, s. 396.032(6), F.S., may assist a person who is intoxicated in a public place and who appears to be in need of help to his home or to an appropriate treatment resource if such person consents to the proffered help, and further provides that a peace officer shall take a person intoxicated in a public place and appearing to be incapacitated as therein defined to a hospital or other appropriate treatment resource. Section 396.072(2), F.S., authorizes a peace officer to take such intoxicated and apparently incapacitated person into "protective custody," provides that such person may be detained in a municipal or county jail or other detention facility for up to 72 hours, and further states that nothing therein shall prevent the use of any such jail or detention facility as a "treatment resource" to the extent authorized under other provisions of Ch. 396, F.S. See also, s. 396.072(7), F.S., providing that a taking into "protective custody" pursuant to s. 396.072, F.S., "shall not be considered an arrest for any purpose, and no entry or other record shall be made to indicate that [a person taken into protective custody] has been arrested or has been charged with a crime." I do not perceive that any provision of s. 396.072 exempts any record prepared by a municipal police department from the provisions of s. 119.07(1)(a), F.S. Rather, as the form you submitted to this office indicates to be your agency's current practice, s. 396.072(7) merely operates to prohibit any reference in such records to an arrest or any criminal charge when a person is taken into protective custody pursuant to s. 396.072.
However, s. 396.112(1), F.S., provides as follows:
 The registration and other records of emergency services and of other treatment resources, whether inpatient, intermediate or outpatient, utilized under this chapter shall remain confidential, and information which has been entered in the records shall be considered privileged information. (e.s.)
Moreover, s. 396.112(2), F.S., provides in pertinent part that, with limited exceptions, "[n]o part of the treatment records shall be disclosed without the consent of the person to whom it pertains. . . ." (e.s.) See also, s. 396.032(4), F.S. ("Treatment resource" means any public or private facility providing treatment or rehabilitation services for alcoholics). See generally, Ch. 10E-3, F.A.C. (Department of Health and Rehabilitative Services rules establishing minimum standards for Alcoholism Prevention and Treatment Programs). See, Rule 10E-3.063(5), F.A.C. (Alcohol Prevention and Treatment is program which, in whole or in part, acts as prevention or treatment resource or holds itself out to public as providing such services), and Rule 10E-3.064(17) and (18), F.A.C. (providing for confidentiality of client records and prescribing contents to include "source of referral and relevant referral information").
While s. 396.072(2), F.S., provides that nothing therein prevents the use a municipal or county jail or other detention facility as a treatment resource, it does not appear from the supplemental information submitted to this office that your agency considers any detention facilities under its control to be a "treatment resource," as defined by Ch. 396, F.S. In view of the evident legislative intent to protect the confidentiality of records of treatment of persons admitted to or otherwise treated at or by a "treatment resource," pursuant to Ch. 396, whether voluntarily (s. 396.082, F.S.), pursuant to emergency commitment (s. 396.092, F.S.), or involuntarily (s. 396.102, F.S.), and in the absence of the use of any municipal police department's detention facilities as a "treatment resource" as permitted under s. 396.072(2), I am unable to conclude that the provisions of s. 396.112(1) and (2), F.S., making "registration and other records of emergency services and of other treatment resources" confidential and prohibiting disclosure of "treatment records," operate to exempt the type of routine forms prepared by your agency, in connection with a taking into protective custody pursuant to Ch. 396, i.e., an "Incident Report-Narrative Form" and a modified arrest report form with references to arrest deleted, from the disclosural requirements of s. 119.07(1)(a), F.S.
In sum, then, and unless and until legislatively or judicially determined otherwise, I am of the view that:
 (1) The written "Report of Law Enforcement Officer" described in s. 394.463(2)(a)2., F.S., and required therein to be made a part of a patient's clinical record, which record is statutorily declared not to be a public record and further declared to be confidential, is exempt from the disclosural requirements of s. 119.07(1)(a), F.S., but other forms or reports prepared by a municipal police department in connection with duties under the Baker Act, Ch. 394, F.S., are public records subject to s. 119.07(1)(a) in the absence of an applicable statutory exemption.
 (2) In the absence of use of any municipal police department's detention facilities as a "treatment resource," as to which records of treatment are confidential and prohibited from disclosure pursuant to s. 396.112(1) and (2), F.S., routine forms prepared by a municipal police department in connection with a taking into protective custody pursuant to the Myers Act, Ch. 396, F.S., are not exempted from disclosure as public records subject to s. 119.07(1)(a), F.S., in the absence of an applicable statutory exemption.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General