352 So.2d 1230 (1977)
Robert SCHWARTZMAN, Appellant,
v.
MERRITT ISLAND VOLUNTEER FIRE DEPARTMENT, Donald Gilroy and Carl Schneider, Appellees.
No. 77-455.
District Court of Appeal of Florida, Fourth District.
November 29, 1977.
Rehearing Denied January 10, 1978.
*1231 S. Lindsey Holland, Jr. of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellant.
Malcolm R. Kirschenbaum of Wolfe, Kirschenbaum, Caruso & Mosley, P.A., Cocoa Beach, for appellees.
LETTS, Judge.
This is an appeal from a declaratory judgment holding that a nonprofit volunteer fire department is not an "agency" and its records are not "public records" within the purview of Chapter 119, Florida Statutes (1975).
We reverse.
The Merritt Island Volunteer Fire Department is a nonprofit corporation composed of public spirited citizens who volunteer, with virtually no recompense, to man the county owned fire fighting equipment on Merritt Island. In addition to performing this most valuable and essential function, thereby saving the county and taxpayers vast sums of money, these citizens also sell Christmas trees, hold chicken frys and cater banquets, donating much of the net income per annum generated therefrom to a large number of charitable projects. Included in such projects we find seven or eight leagues and associations such as lassie leagues, midget football, crippled children and a host of others.
The appellant is an investigative reporter for the Today newspaper who wishes to engage in a fishing expedition into all of the volunteer fire department's records because he claims that the department is subject to the Florida Public Records Act, § 119 Florida Statutes (1975), and we are compelled to agree.
Any fire department cannot help but be classified as an agency under the following definition in § 119.011(2):
(2) "Agency" shall mean any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
Likewise, "public records" in § 119.011(1) include all the following:
(1) "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received, pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The volunteer department argues that its membership files, minutes of its meetings and its charitable activities, for example, are not "official business" and that it is not an "agency" under the Act insofar as those matters are concerned. It also points out that other civic organizations use the fire station premises owned by the county for similar fund raising activities and functions.
We are most sympathetic to these arguments, but we cannot ignore the language of the enacted statute and have no doubt that this volunteer fire department is at the very least "acting on behalf of (a) public *1232 agency."[1] Inevitably, the present Act covers an organization entrusted with the sole stewardship over firefighting and funded in part by public moneys. The whys and wherefores of how membership is obtained with a view to firefighting expertise, the fact that the county pays $850.00 per month toward its support and supplies all the equipment, the placing of county funds in a common bank account along with the fish fry money, and the conduct of all its activities on county owned property (even if the department did raise $65,000 to help construct the building) all establish the public agency nature of the organization.
Perhaps not any one of the above factors set forth in the preceding paragraph would bring the volunteer department within the purview of the public records law, but the totality of them leads irresistibly to the conclusion that this department is subject to the Public Records Act.
Lest we be misunderstood, or misquoted, we would comment that this opinion is limited to the organization and the facts of this case and should not be interpreted to subject all civic and charitable organizations to the Public Records Act.
Reversed with instructions to permit the inspection and copying[2] of all "public records" of the Merritt Island Volunteer Fire Department.
ALDERMAN, C.J., and DOWNEY, J., concur.
NOTES
[1] The quoted statute was amended in 1975 after the holding in State ex rel. Tindel v. Sharp, 300 So.2d 750 (Fla. 1st DCA 1974).
[2] The officials of the volunteer department had offered to permit inspection but not copying. Section 119.07(1) Florida Statutes specifically requires that the custodian of the records "shall furnish copies."