423 So.2d 367 (1982)
Miriam DONNER and Arthur J. Morburger, Appellants,
v.
Steve EDELSTEIN, Assistant City of Miami Attorney, Michael J. Murphy, Esquire, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., and the City of Miami, a Municipal Corporation, Appellees.
No. 82-58.
District Court of Appeal of Florida, Third District.
October 5, 1982.
Miriam Donner and Arthur J. Morburger, in pro. per.
Jose R. Garcia-Pedrosa, City Atty., and Mikele S. Carter, Asst. City Atty., Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellees.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.

ON MOTION FOR ORDER IN ACCORDANCE WITH MANDATE
PER CURIAM.
Our opinion and mandate in this case, see Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA 1982), instructed the trial court that a determination that public records were exempt from disclosure could only be made by reference to specific records, none of which were before the trial court. Pursuant to our mandate, the trial court conducted a hearing and by order entered September 17, 1982, ruled that Section 90.502, Florida Statutes (1981) (effective July 1, 1979), exempted from disclosure under the Public Records Act, §§ 119.01-12, Fla. Stat. (1981), records reflecting lawyer-client communications without any reference to specific records in the hands of appellees. Indeed, the trial court's order concludes with the words, "This order applies only to those matters that are subject to the attorney-client privilege," and again leaves to appellees the right to unilaterally determine what documents are or are not covered by the privilege.
The trial court's order does not comply with our mandate requiring reference to specific records. Therefore, upon Appellants' Motion For Order In Accordance With Mandate, the trial court is directed to examine in camera the documents or copies thereof which are being withheld from disclosure under the privilege asserted, determine which are within the privilege, and to retain copies of all records examined as a sealed exhibit, so that either of the parties *368 may thereafter seek appropriate review of the trial court's rulings.