429 So.2d 343 (1983)
PARSONS & WHITTEMORE, INC., a New York Corporation, Paul & Thomson, a Florida Partnership, Resources Recovery (Dade County) Inc., a Delaware Corporation, and Resources Recovery (Dade County) Construction Corp., a Delaware Corporation, Appellants,
v.
METROPOLITAN DADE COUNTY, a Subdivision of the State of Florida, Appellee.
GREENBERG, TRAURIG, ASKEW, HOFFMAN, LIPOFF, QUENTEL & WOLFF, P.A., a Florida Professional Association, and Metropolitan Dade County, a Subdivision of the State of Florida, Appellants,
v.
RESOURCES RECOVERY (DADE COUNTY) INC., a Delaware Corporation, Appellee.
Nos. 81-2394, 81-2398.
District Court of Appeal of Florida, Third District.
March 8, 1983.
Rehearing Denied April 27, 1983.
*344 Paul & Thomson and Franklin G. Burt and Richard J. Ovelmen and Charles V. Senatore, Miami, for Parsons & Whittemore, Paul & Thomson, Resources Recovery (Dade County) Inc., and Resources Recovery (Dade County) Const. Corp.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Alan T. Dimond and Victor H. Polk, Jr., Miami, for Metropolitan Dade County.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
PER CURIAM.
In this appeal, we are asked to review two writs of mandamus by which the trial court ordered inspection of documents it ruled subject to disclosure under the Public Records Act, chapter 119, Florida Statutes (1981). The writs were issued in connection with a lawsuit relating to the construction, management, and sale of a solid waste facility. We vacate the writ directing the law firm of Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel and Wolff to permit inspection and remand for further proceedings. We reverse the order directed to the law firm of Paul and Thomson permitting inspection.
Addressing first the question of attorney-client privilege raised by the County's counsel as grounds for objecting to relinquishing records in Greenberg's possession, we follow the procedural precedent of *345 recent decisions of this court. In conformity with our decisions in The Miami Herald Publishing Co. v. North Miami, 420 So.2d 653 (Fla. 3d DCA 1982) and Donner v. Edelstein, 423 So.2d 367 (Fla. 3d DCA 1982), we remand to the trial court with directions that it examine in camera the documents which are being withheld from disclosure under the privileges asserted to determine which, if any, constitute "work-product" materials and are required to be disclosed under the Public Records Act. Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982). The court is directed to retain copies of all records examined as sealed exhibits, so that either of the parties may thereafter seek appropriate review of the trial court's rulings.
Directing our attention to the related case of Parsons and Whittemore v. Metropolitan Dade County in which the court ordered disclosure to the County by Resources Recovery (Dade County) Inc. (RRD), Resources Recovery (Dade County) Construction Corporation (RRDC), and their affiliates under chapter 119, apparently on the ground that although private entities, they had acted on behalf of a governmental agency, we find error and reverse.
The Public Records Act, section 119.011(2),[1] Florida Statutes (1981) applies to public agencies or to private business entities acting on behalf of a public agency. Appellants are not public agencies. Their connection with the County derives from their contractual relationship. RRDC contracted to construct a facility to which it still retains title; RRD contracted to manage and operate the facility upon its completion and purchase by the County, but the County has not yet purchased the plant. Parsons and Whittemore guaranteed the obligations of RRD and RRDC under their agreements. During the course of an action predicated upon anticipatory breach of the agreements and during the pendency of an arbitration proceeding, RRD endeavored to inspect records held by the County's counsel, Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel and Wolff. Similarly, the County sought "reciprocal production" of the documents held by the private entities. The court granted both writs. Although we have remanded for further rulings by the trial court before reaching a determination on the privilege issue, we discern no impediment to our resolving the other question presented. In determining whether Paul and Thomson, the law firm representing the private entities, must disclose its records to the County, we need decide whether RRD and RRDC "acted on behalf of" the County merely by entering into business contracts.
In Schwartzman v. Merritt Island Volunteer Fire Dept., 352 So.2d 1230 (Fla. 4th DCA), cert. denied, 358 So.2d 132 (Fla. 1978), the court considered factors which enabled it to determine whether an investigative reporter was entitled to examine fire department records. These factors included (1) public funding, (2) membership was obtained with a view to firefighting expertise, (3) the County paid $850 per month to support the department and supplied all the equipment, (4) the County's funds were commingled with departmental funds, and (5) all activity was conducted on County-owned property. Considering these factors, the court ruled that the department was required to permit copying its files. Explaining that a consultant must be regarded as "acting on behalf of" the public agency if the services contracted for were an integral part of the agency's chosen process for a decision, the court in Byron, Harless, Schaffer, Reid & Associates v. State ex rel. Schellenberg, 360 So.2d 83 (Fla. 1st DCA 1978), rev'd on other grounds, 379 So.2d 633 (Fla. 1980), reached a similar result. Byron is based on Town of Palm Beach v. Gradison, *346 296 So.2d 473 (Fla. 1974), a Sunshine Law[2] case. We believe the Byron decision prevents governmental agencies from avoiding the Sunshine Law by delegating responsibility to private entities, which may act in secret, when the decision-making process by a non-agency is essentially governmental. See Fritz v. Norflor, 386 So.2d 899 (Fla. 5th DCA 1980).
Factors considered by federal courts in determining the entity's relationship to government activity include (1) whether the entity performs a governmental function, (2) the level of governmental funding, (3) the extent of governmental involvement or regulation, and (4) whether the entity was created by the government. Rocap v. Idiek, 539 F.2d 174 (D.C. Cir.1976); Washington Research Project, Inc. v. Dept. of Health, Education & Welfare, 504 F.2d 238 (D.C. Cir.1974), cert. denied, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); Board of Trustees v. Freedom of Information Commission, 181 Conn. 544, 436 A.2d 266 (1980). According to Fritz, entities which perform an essentially governmental function come within the purview of section 119.011(2) only as to those functions which are performed in that capacity. We are unaware of any authority which supports the proposition that merely by contracting with a governmental agency a corporation acts "on behalf of" the agency. Rather it appears that appellants did not perform an essentially governmental function or participate in any decisional process which would be undermined if their records were not open to public inspection. For these reasons, we quash the writ of mandamus directed to Parsons and Whittemore, Inc., Resources Recovery (Dade County) Inc., and Resources Recovery (Dade County) Construction Corporation.
Writ directed to Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel and Wolff vacated and cause remanded with directions; writ directed to Parsons and Whittemore, Inc., Resources Recovery (Dade County) Inc., and Resources Recovery (Dade County) Construction Corporation quashed.
NOTES
[1] Section 119.011(2), Florida Statutes (1981) states:

`Agency' means any state, county, district, authority or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[2] § 286.011, Fla. Stat. (1981).