450 So.2d 562 (1984)
Steve EDELSTEIN, City of Miami, Michael J. Murphy and Fowler, White, Burnett, Hurley, Banick & Strickroot, Appellants/Appellees,
v.
Miriam DONNER and Arthur J. Morburger, Appellees/Appellants.
Nos. 83-1504, 83-2005.
District Court of Appeal of Florida, Third District.
May 8, 1984.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Jose Garcia-Pedrosa, Miami, and Leon M. Firtel, Miami Beach, for appellants/appellees.
Arthur J. Morburger and Miriam Donner, in pro. per.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
We affirm the trial court's issuance of a Peremptory Writ of Mandamus insofar as it requires the production of materials claimed to be protected by a non-existent work product exemption to the Public Records Act, Chapter 119, Florida Statutes (1981). Parsons & Whittemore, Inc. v. Metropolitan Dade County, 429 So.2d 343 (Fla. 3d DCA 1983); Donner v. Edelstein, 423 So.2d 367 (Fla. 3d DCA 1982); Miami Herald Publishing Co. v. City of North Miami, 420 So.2d 653 (Fla. 3d DCA 1982); Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), review denied, 426 So.2d 27 (Fla. 1983); Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA 1982).
We reverse the trial court's ruling approving an attorney-client privilege as a ground for denying production under the Public Records Act. Miami Herald Publishing Co. v. City of North Miami, No 83-688, 452 So.2d 572 (Fla. 3d DCA 1983)[*] (City of North Miami II). As in City of North Miami II, we certify that this decision passes upon a question of great public importance:
Does the attorney-client privilege section of the Florida Evidence Code exempt from the disclosure requirements of the Public Records Act written communications between a lawyer and his public-entity client?
Orders pertaining to the grant of production affirmed; orders pertaining to the denial of production reversed; question certified.
NOTES
[*] The trial court did not have the benefit of City of North Miami II when it made its ruling.