## THE TRIBUNE COMPANY v. RECORDS, CUSTODIAN, PALM RIVER VOLUNTEER FIRE DEPARTMENT

### Case No. 84-13370

Thirteenth Judicial Circuit, Hillsborough County

September 12, 1984

### APPEARANCES OF COUNSEL

**Gregg D. Thomas** and **Mike Piscitelli, Holland & Knight,** for petitioner.

**Mark Payne** for respondent.

### OPINION OF THE COURT

J. C. CHEATWOOD, Circuit Judge.

THIS CAUSE came to be heard on September 6, 1984, upon the petition of The Tribune Company ("Tribune") that this Court issue a writ of mandamus directing the records custodian of the Palm River Volunteer Fire Department ("Palm River") to provide access to Palm River's records, pursuant to the Florida Public Records Act.

Palm River is a non-profit corporation which provides manpower assistance to the Hillsborough County Department of Fire Safety. The County, in turn, supports Palm River's activities by donating equipment and services paid for through public funds.

The Tribune has requested access to Palm River's financial records pursuant to the Florida Public Records Act. Section 119.01 et seq.,

Florida Statute (1983). Palm River has denied access, claiming it is not an agency within the purview of the Act.

The Public Records Act defines agency in a very broad manner, to include "any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency." Section 119.011(2), Florida Statute (1983). In *Schwartzman v. Merritt Island Volunteer Fire Department,* 352 So.2d 1230 (Fla. 4th DCA 1977), the court, applying that agency definition, held that the Merritt Island Volunteer Fire Department is an agency for purposes of the Public Records Act. There are no substantive distinctions between the instant case and *Merritt Island.*

The court in *Merritt Island* based its holding primarily upon financial support which the county furnished the fire department. While Hillsborough County has not made cash contributions to Palm River, as occurred in *Merritt Island* the evidence before the Court indicates the County has contributed substantial amounts of equipment and services. Specifically, the County provided two firefighting vehicles, equipment and fuel for those vehicles, use of a county-owned building, utilities for that building, tools, equipment, and personal protective clothing for the firefighters, maintenance for all equipment, training for the firefighters, worker's compensation and liability insurance, and administrative services. This evidence of County support is sufficient to indicate that Palm River is an agency for Public Records Act purposes. *Merritt Island,* 358 So.2d 1232.

IT IS, THEREFORE, ORDERED and ADJUDGED that the petition for writ of mandamus is granted and the writ shall be issued. The Court reserves jurisdiction to consider entitlement to attorney's fees and costs.