475 So.2d 270 (1985)
CITY OF MELBOURNE, Florida, a Municipal Corporation, Petitioner,
v.
A.T.S. MELBOURNE, INC., a Florida Corporation, Respondent.
No. 85-738.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
*271 Robert M. Moletteire and James L. Reinman of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for petitioner.
Richard L. Wilson, Orlando, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
Petitioner, City of Melbourne, seeks a writ of common law certiorari to review an order requiring the City's attorney to appear at deposition. The City is the plaintiff in an action to enjoin the operation of a topless bar owned and operated by respondent, A.T.S. Melbourne, Inc. An amended notice of taking deposition was filed which requested that the deponent produce certain notes, memoranda, and correspondence between the City's attorney and the City of Melbourne respecting the enactment of two ordinances or relating to the pending litigation between the City and A.T.S. Melbourne, Inc. d/b/a Three Doll House IV filed in the Fifth District Court of Appeal. The City filed a motion for protective order or in the alternative a motion to quash subpoena ducas tecum for deposition. The trial court, after hearing arguments from counsel, entered an order denying petitioner's motions and ordered petitioner's attorney to appear at deposition. The order noted, however, that the scope of deposition shall be bound and contained within section 119.07(3)(o), Florida Statutes (Supp. 1984).
At issue is whether the trial court below violated the essential requirements of the law in exercising its discretion permitting respondent to depose the petitioner's attorney at the outset of the discovery process. We hold that no abuse of discretion has been shown and we deny the petition.
Prior to the enactment of section 119.07(3)(o), Florida Statutes (Supp. 1984), courts did not recognize the attorney/client privilege between an attorney and a public entity in light of the statutory requirement that public records be open. §§ 119.01-119.12, Fla. Stat.; see also City of North Miami v. Miami Herald, 468 So.2d 218 (Fla. 1985); Brevard County v. Nash, 468 So.2d 240 (Fla. 5th DCA 1985); Miami Herald v. City of North Miami, 452 So.2d 572 (Fla. 3d DCA 1984); Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985); Edelstein v. Donner, 450 So.2d 562 (Fla. 3d DCA 1984). Effective October 1, 1984, however, the legislature amended Chapter 119 to provide an exemption from public disclosure attorney-prepared litigation files during the pendency of litigation.[1]
In the case at bar, the trial judge limited its order denying petitioner's motion for protective order by providing that the *272 scope of the deposition shall be bound by section 119.07(3)(o). This is precisely what the law requires. See City of North Miami.
Petition denied.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Section 119.07(3)(o) provides:

(o) A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interest of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provision of subsection (1) until the conclusion of the litigation or adversarial administrative proceeding. When asserting the right to withhold public record pursuant to this paragraph, the agency shall identify the potential parties to such criminal or civil litigation or adversarial administrative proceedings. If a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney's fees and costs in addition to any other remedy ordered by the court.