Mr. Neal E. Young City Attorney City of Winter Haven Post Office Box 2277 Winter Haven, Florida 33883-2277
Dear Mr. Young:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE RECORDS OF A NONPROFIT CORPORATION PERTAINING TO A FUND ESTABLISHED FOR PURPOSES OF MAKING IMPROVEMENTS TO A CITY PARK ARE SUBJECT TO THE PUBLIC RECORDS LAW, CH. 119, F.S.?
The City of Winter Haven intends to make capital improvements to facilities at a city-owned park. According to your letter, in addition to committing expenditures of public funds to make improvements to the park, private citizens have expressed an interest in raising funds from the business community to construct improvements at the park using their own funds and materials. In order to keep the private donations separate, the private donations are being made to the stadium fund of the Winter Haven Foundation, Inc., which is a tax exempt, nonprofit corporation operated by the local Chamber of Commerce. The private sector will construct certain improvements to the park with funds drawn from the Foundation's stadium fund upon written authorization of the City Manager. The City has the right to inspect and copy the Foundation records, but no such inspection or copying has taken place. Any funds remaining in the Foundation's stadium fund account on March 31, 1988, will be paid over to the City. You inquire whether the Foundation's records pertaining to the stadium fund are subject to disclosure pursuant to the Public Records Law.
The applicability of the Public Records Law, Ch. 119, F.S., as amended, to the records of any particular entity depends upon whether the entity in question is an "agency" and the records are "public records" for purposes of Ch. 119. Section 119.011(1), F.S., defines "public records" to mean
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (e.s.)
Section 119.011(2), F.S., defines "agency" for purposes of Ch. 119 to mean
 any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency. (e.s.)
Thus, in order for the Foundation, a private nonprofit corporation, to be considered an "agency" for purposes of Ch. 119, F.S., it must be determined to be "acting on behalf of any public agency." In Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), the Supreme Court held that a business entity conducting an employment search for potential applicants for the position of managing director of the Jacksonville Electric Authority pursuant to a contract was "acting on behalf of" the public agency and therefore was subject to the requirements of Ch. 119, F.S., since the services contracted for were an integral part of the agency's chosen process for a decision on the question at hand. Cf., Town of Palm Beach v. Gradison, 296 So.2d 473, 475-477 (Fla. 1974).
In Schwartzman v. Merritt Island Volunteer Fire Department,352 So.2d 1230 (4 D.C.A.Fla., 1977), the district court held that a volunteer fire department was an agency and its records were public records as the department was acting on behalf of a public agency. In setting forth the factors involved in making such a determination, the court, at 1232, stated:
 Inevitably, the present [Public Records] Act covers an organization entrusted with the sole stewardship over firefighting and funded in part by public moneys. The whys and wherefores of how membership is obtained with a view to firefighting expertise, the fact that the county pays $850.00 per month toward its support and supplies all the equipment, the placing of county funds in a common bank account along with the fish fry money, and the conduct of all its activities on county owned property (even if the department did raise $65,000 to help construct the building) all establish the public agency nature of the organization.
The district court made it clear that not any one of the above-quoted factors would bring the volunteer fire department within the purview of the public records law, but the totality of them led to that conclusion. The court went on to state, however, that the opinion should not be interpreted to subject all civic and charitable organizations to the Public Records Law.352 So.2d at 1232. See also, AGO 81-101, relying in part on the Byron, Harless, and Schwartzman decisions in reaching the conclusion that private, nonprofit organizations, which are under contract with the Florida Department of Labor and Employment Security and funded, whether partially or totally, with public funds, are agencies within the purview of Ch. 119. And see, Fritz v. Norflor Construction Company, 386 So.2d 899 (5 D.C.A.Fla., 1980), in which the court held that an engineering corporation was an "agency" within the meaning of s. 119.011, and required disclosure of the public records of the corporation insofar as the corporation performed services for the city as the city engineer relating to the water treatment plant. Compare, Parsons Whittemore, Inc. v. Metropolitan Dade County, 429 So.2d 343 (3 D.C.A. Fla., 1983), wherein the court stated that a corporation merely by contracting with government agency does not act on behalf of an agency within the meaning of Ch. 119; rather corporation must perform an essentially governmental function or participate in the decisional process.
In the instant inquiry, the Foundation does not receive or disburse any public funds but rather raises private funds which are subsequently disbursed for a public purpose. This office has been advised that the Foundation in constructing such improvements will not be utilizing city equipment, materials or supplies, nor is the Foundation acting under the City's direction and control except to the extent that the City agrees to accept or permit the construction of such improvements in the park. It does not appear that the City has effectively delegated its governmental responsibilities and functions to the Foundation to determine what improvements must be made to the City's parks, or that the Foundation is otherwise performing an integral part or role in such decisional process. While the City has the authority to authorize the construction of improvements to the park, such authorization appears to be in the nature of acceptance (or rejection) of a gift, which is not sufficient to subject the private entity, not otherwise connected with municipal government, to the Public Records Law. See, Parsons Whittemore, Inc. v. Metropolitan Dade County, supra, stating that a corporation merely by contracting with governmental agency does not act on behalf of an agency within the meaning of Ch. 119, but rather the corporation must perform an essentially governmental function or participate in the decisional process. Compare, AGO 83-95, wherein this office concluded that a group appointed by a private nonprofit corporation to provide technical assistance to a board of county commissioners was subject to the Government in the Sunshine Law, s. 286.011, F.S., since the group's recommendations for a new zoning code for the county constituted a significant part of the decision-making process and the county commission had in effect delegated to the group its authority to make tentative decisions guiding the zoning planners, such administrative and legislative decisions ordinarily being exercised by the governing body of the county.
You state in your letter that it is obvious that whatever disbursement directions the City Manager gives to the Foundation would be public, and I concur with such a conclusion. Moreover, it is also clear that to the extent the City may receive copies of the records of the Foundation, such records in the possession of the City would be public records subject to the inspection and copying requirements of s. 119.07, F.S.
I am therefore of the opinion that, unless judicially determined otherwise, records of a private nonprofit corporation pertaining to a fund established for the purposes of making improvements to the city parks are not public records subject to disclosure pursuant to Ch. 119, F.S., the Public Records Law, when the corporation raises and disburses only private funds and has not been delegated any governmental responsibilities and functions. Records of the private nonprofit corporation received by municipality, however, in connection with the transaction of official business of the public agency are public records for purposes of Ch. 119, F.S.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General