The Honorable Janet Reno State Attorney Metropolitan Dade County Justice Building 1351 Northwest 12th Street Miami, Florida 33125
Dear Ms. Reno:
You have asked substantially the following questions:
 (1) Are videotapes produced by the state attorney's office of training sessions conducted for the benefit of the staff of that office public records subject to disclosure?
 (2) If so, what fees may be charged for viewing and/or copying?
In sum, I am of the opinion that:
 (1) Videotapes produced by the state attorney's office of training sessions are public records and are subject to disclosure in the absence of a statute making the information contained therein confidential.
 (2) In the absence of a statute specifically authorizing a state attorney to recoup the costs of producing the training program, a state attorney is not authorized to recoup such costs. In the absence of a statute providing otherwise, the only fees that may be imposed are those authorized in s. 119.07(1), F.S.
According to your letter, your office recently began conducting programs that will be certified by The Florida Bar pursuant to the new continuing legal education rule. These programs are being videotaped for later viewing by the assistant state attorneys. Your office has apparently received a request from a private attorney to view one of the videotapes so that he may obtain credit pursuant to the continuing legal education rule.[1]
You state that: (1) there may be contractual or copyright restrictions against such access; (2) the tapes may contain information dealing with prosecutorial tactics or sensitive topics; and (3) it may be impractical to provide these facilities.
QUESTION ONE
Chapter 119, F.S., the Florida Public Records Law, makes all records made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency open for inspection by any person[2] The term "public record" is broadly defined and encompasses "documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics. . . ."[3] (e.s.)
It is clear that videotapes made by the state attorney's office of that office's training programs are public records for purposes of Ch. 119, F.S. I am not aware of, nor have you brought to my attention, any statute which would generally exempt videotapes produced by the state attorney's office from the disclosure provisions of s. 119.07, F.S.[4] As stated by The Supreme Court of Florida in Wait v. Florida Power and Light Company,[5] "only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law" are exempt from public disclosure and copying.
You specifically ask whether the videotapes are public records "irrespective of any contractual or copyright limitations." This office has previously considered the authority of a public officer to obtain a copyright of material produced by his office in connection with the transaction of official business. In AGO 86-94, this office concluded that in the absence of specific statutory authorization, the clerk of the circuit court was not authorized to copyright computer programs for certain financial and accounting functions.
I am not aware of any statute which authorizes the state attorney to copyright materials prepared by his office.[6] Nor can I conclude that copyrighting such videotapes is essential to, or necessary for, the implementation of an express power or duty of the state attorney.[7]
In the absence of a statute authorizing the state attorney to copyright material produced by his office, I am of the opinion that a state attorney does not possess such authority. To the extent that the state attorney's office may receive copyrighted work in connection with its official business, the federal statute placing limitations on the reproduction of copyrighted material will control.[8] However, as this office noted in AGO 82-63, there is a distinction between the examination and the copying of copyrighted material. Thus, this office stated:
 In short, agencies should not reproduce, or permit the reproduction of, or distribute copies of, copyrighted work to the public but may permit the public access to copyrighted work in their possession for examination and inspection purposes only.
Moreover, s. 119.011(2), F.S., in defining "Agency" for purposes of Ch. 119, F.S., includes "any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency." Thus a public agency cannot avoid compliance with the public records law by delegating its duties and responsibilities to private persons or corporations.[9]
Therefore, it is my opinion that the videotapes made by the state attorney's office of its training sessions are public records and are subject to disclosure in the absence of a specific statutory exemption.
QUESTION TWO
You inquire what fees may be imposed for providing access to the videotapes and whether such charges may include part of your original cost in producing the training session.
In the absence of a specific statute to the contrary, public records must be open for public inspection without charge. While s. 119.07(1)(a), F.S., authorizes the custodian of public records to charge a fee for furnishing copies of records based upon the actual cost of duplication,[10] there is no statute which generally authorizes the imposition of a fee for the mere inspection of public records.
Section 119.07(1)(b), F.S., however, authorizes the imposition of a special service charge when the nature or volume of public records requested to be inspected or copied is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance, or both. This charge shall be reasonable and shall be based upon the cost incurred for such extensive use of the information technology resources or the labor cost of the personnel providing the service that is actually incurred by the agency.
"Information technology resources" is defined as data processing hardware and software and services, supplies, personnel, facility resources, maintenance, and training.[11] A videotape and machine to view such tape would not appear to fall within the term "information technology resources" for purposes of s.119.07(1)(b), F.S. Whether the nature or volume of the records requested to be inspected or copied is such as to require extensive clerical or supervisory assistance is a determination which must be made on a case-by-case basis. However, as this office stated in AGO 86-69, the special service charge may not be routinely imposed.
In AGO 75-50, this office considered whether a custodian could impose a fee for listening to tapes of city commission meetings. This office concluded that the fact that commission meetings were taped as opposed to stenographically recorded and, therefore, required the use of tape recorder in order to listen to such meeting, was irrelevant insofar as the imposition of a fee was concerned.
Similarly, the fact that the public record is a videotape rather than a printed document would appear to be irrelevant with respect to the imposition of a fee. Only those fees or charges which are authorized by statute may be imposed upon an individual seeking access to public records.
You ask whether you may impose a charge to recover part of the costs incurred by your office in producing the training session. In AGO 87-1, this office considered whether the clerk of the court, in providing copies of computer software programs produced by that office, could recoup some of the in-house costs involved in writing the computer program. In the absence of a statute specifying a fee which may be charged and except as provided in s.119.07(1), F.S., this office concluded that there was no authority for the clerk to recoup such costs.
Similarly, in the absence of a statute specifically authorizing your office to impose a fee for inspection and/or copying to recoup part of your original cost of producing the training session and except as provided in s. 119.07(1), F.S., I am of the opinion that you may not impose a fee for inspection or copying a videotape of your training programs.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] This office is without the authority to determine whether the viewing of any such tapes would satisfy the continuing legal education requirements imposed on members of The Florida Bar. Such a determination must be resolved by The Florida Bar and not by this office.
[2] Sections 119.01 and 119.07(1), F.S. And see, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640
(Fla. 1980), stating that for purposes of Ch. 119, F.S., a "public record" is "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. . . ."
[3] Section 119.011(1), F.S. And see, s. 119.011(2), F.S., defining "Agency" to mean:
 [A]ny state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[4] Compare, s. 119.0115, F.S., exempting any videotape or video signal which, under an agreement with an agency, is produced, made, or received by, or is in the custody of, a federally licensed radio or television station or its agent is exempt from Ch. 119, F.S.; and s. 119.07(3)(r), F.S., containing a limited exemption for data processing software.
[5] 372 So.2d 420, 425 (Fla. 1979).
[6] Cf., 67 C.J.S. Officers s. 190 (powers and authority of public officers are usually fixed and determined by law; they have only such power and authority as are clearly conferred or necessarily implied from the powers granted); Lang v. Walker, 35 So. 78, 80
(Fla. 1903). And see, AGO 78-67 concluding that the authority to contract did not grant the board of trustees of a community college the authority to enter into a contract for the purchase of an exclusive copyright license and the right to use, distribute, and sell a videotape educational series.
 Pursuant to s. 286.021, F.S., legal title to any copyright now owned or held, or as may be hereafter acquired, owned or held by the state, or any of its boards, commissions or agencies, is granted to and vested in the Department of State. And see, s. 286.031, F.S., which provides that the Department of State is hereby authorized to secure copyrights and to take any and all action necessary to protect such copyrights against improper or unlawful use of infringement. Compare, s. 24.105(12), F.S., authorizing the Department of Lottery to hold copyrights.
[7] See generally, Florida State University v. Jenkins,323 So.2d 597 (1 D.C.A.Fla., 1975) (power to be implied from express power must be essential in order to carry out expressly granted power or duty imposed); Haines City v. Certain Lands, Etc., 178 So. 143
(Fla. 1937) (power sought to be implied from express power must be necessary, indispensable or essential, not merely convenient to the attainment of the declared objects and purposes).
[8] Pursuant to Art. VI, U.S. Const., the Supremacy Clause, federal law will prevail over state law to the extent of any conflict. And see generally, 17 U.S.C. § 101 et seq., the federal copyright laws.
[9] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., supra; Schwartzman v. Merritt Island Volunteer Fire Department, 352 So.2d 1230 (4 D.C.A.Fla., 1977), in which the courts found that private organizations were acting on behalf of a public agency and thus subject to Ch. 119, F.S. Compare, Parsons 
Whittemore, Inc. v. Metropolitan Dade County, 429 So.2d 343 (3 D.C.A.Fla., 1983). And see, s. 287.058(1)(c), F.S., stating that every procurement for contracted services by a state agency shall be evidenced by a written agreement which shall include a provision allowing unilateral cancellation by the agency for refusal by the contractor to allow public access to materials subject to Ch. 119, F.S., and made or received by the contractor in conjunction with the contract.
[10] Section 119.07(1)(a), F.S., defines the phrase "actual cost of duplication" as "the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. . . ."
[11] Section 282.303(10), F.S. Pursuant to s. 119.07(1)(b), F.S., "information technology resources" shall have the same meaning as in s. 282.303(10), F.S.