570 So.2d 1095 (1990)
NEWS AND SUN-SENTINEL COMPANY and Joseph C. Nunes, Appellants,
v.
SCHWAB, TWITTY & HANSER ARCHITECTURAL GROUP, INC., a Florida Corporation, and Paul M. Twitty, Individually and As an Officer and Director of Schwab, Twitty & Hanser Architectural Group, Inc., Appellees.
No. 90-1402.
District Court of Appeal of Florida, Fourth District.
December 5, 1990.
Wilton L. Strickland of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for appellants.
Donald J. Freeman of Bailey, Fishman, Freeman & Ferrin, West Palm Beach, for appellees.
Boose, Casey, Ciklin, Lubitz, Martens, McBane and O'Connell, West Palm Beach, for appellees.
PER CURIAM.
We affirm on the authority of Parsons & Whittemore, Inc. v. Metropolitan Dade County, 429 So.2d 343 (Fla. 3d DCA 1983). We note that a firm of consultants hired to recommend persons for the position of managing director of a public authority has been held to be a business entity `acting on behalf of' a public agency. Byron, Harless, Schaffer, Reid & Associates v. State ex rel. Schellenberg, 360 So.2d 83 (Fla. 1st DCA 1978), rev'd on other grounds, 379 So.2d 633 (Fla. 1980). We agree with our sister court, the consultants participated in the agency's process to decide who should be hired. But, sub judice, the architects *1096 did not participate in the school district's process to decide whether schools should be built. We hold that the architectural firm was not an agency "acting on behalf of" a public agency.
However, the wording of section 119.011(2) of the Florida Statutes (1989) troubles us:
"Agency" means any state, county, district, authority of municipal officer, department, division, board, bureau, commission, or other separate unit of government created by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.

(Emphasis added). Therefore, we certify the following question to be of great public importance:
Does a corporation act on behalf of a public agency when hired by a county to perform professional architectural services for the construction of a school so as to be subject to the provisions of Chapter 119 of the Florida Statutes?
AFFIRMED.
POLEN and GARRETT, JJ., concur.
LETTS, J., dissents in part with opinion.
LETTS, Judge, dissenting in part.
I concur in the affirmance, but would not certify the question.