Ms. Lynn Park Assistant State Attorney Nineteenth Judicial Circuit
QUESTION:
Is a private not-for-profit corporation, leasing the hospital facilities of a public hospital district under a lease which provides that it will abide by Ch. 119, and s. 286.011, F.S., when engaged in the management and operation of that hospital, subject to Ch. 119 and s. 286.011, F.S., when negotiating for the purchase of another hospital?
SUMMARY:
A private not-for-profit corporation, leasing the hospital facilities of a public hospital under a lease which requires that it will abide by Ch. 119 and s. 286.011, F.S., when engaged in the management and operation of that hospital, is subject to Ch. 119 and s. 286.011, F.S., when negotiating for the purchase of another hospital if such negotiations are conducted by the corporation pursuant to the lease or on behalf of the hospital district.
The Indian River County Hospital District (district) was created by special act of the Legislature as an independent special taxing district.[1] In 1984, the district entered into an agreement with the Indian River Memorial Hospital, Inc. (corporation) for the corporation's lease of hospital facilities and operation and management of the Indian River Memorial Hospital.[2] The district and the corporation at that time also executed an agreement for indigent care in the district.
The Indian River Memorial Hospital, Inc., was formed as a private not-for-profit corporation in 1983. According to your letter, the corporation was not formed by the district or any other governmental agency but rather was created by a separate group of individuals. No member of the Board of Directors of the corporation may be a public official although the district appoints three of the thirteen members of the board of directors. You state that the district "has input as to how the Board of Directors is set up only and has no input as to amending the Articles of Incorporation."
According to your letter, the private corporation receives no money from the district except for care provided to county indigents amounting to less than 5 percent of the entire budget of the private corporation and that it provides no other governmental function. This office has been advised, however, that in order to qualify for an exemption from federal income taxes, the articles of incorporation of the corporation must provide that upon dissolution of the corporation, its assets will be distributed to another tax exempt entity. The corporation has selected the district as that entity; if the district is not in existence, distribution would be made to Indian River County.
Section 10 of the lease provides:
When engaged in the management and operation of the Indian RiverMemorial Hospital pursuant to the terms of this Agreement, the Board of Directors of Lessee shall conduct its meetings and maintain its records in the same manner as was required of Lessor in its operation of the Indian River Memorial Hospital under Florida Statutes Chapter 119, Laws of Florida 1984, commonly known as the Public Records Act, and Florida Statutes Section 286.011, Laws of Florida 1984, commonly known as the Government in the Sunshine Law. (e.s.)
You state that a member of the board of directors of the corporation who is also president of the hospital, the auditor, a consultant, and the attorney for the hospital met with Humana, Inc., to discuss the purchase of the assets of Humana HospitalSebastian. The purchase by the corporation could, according to your letter, be accomplished by independent means and without going to the Indian River County Hospital District for funds although the corporation would have the option of approaching the district for funds.
In interpreting the Government in the Sunshine Law, the court have stated that it was the intent of the Legislature to bind "every `board or commission' of the state, or of any county or political subdivision over which it has dominion and control."[3]
A private organization, however, which performs services for a public agency and receives compensation for such services is not by virtue of that relationship alone subject to the Sunshine Law. The courts have generally considered whether there has been a delegation of the public agency's governmental or legislative functions or whether the private organization plays an integral part in the public agency's decision-making process.[4]
This office has, for example, stated that meetings of a private nonprofit corporation are not subject to s. 286.011, F.S., by virtue of lease agreement between the private corporation and the public agency.[5]
Chapter 119, F.S., defines "agency" for purposes of the Public Records Law to include private corporations acting on behalf of any public agency.[6] As with s. 286.011, F.S., merely contracting with or receiving funds from a public agency does not alone subject a private corporation to Ch. 119, F.S.[7]
All the factors relating to the responsibilities, organization and funding of the private entity must be reviewed.[8] If the private organization is deemed to be an "agency" the terms of Ch. 119, F.S., are applicable to those materials made or received by the private organization in the course of its contract with the public agency.[9]
Thus, this office stated in AGO 89-52 that the applicability of the Sunshine Law, as well as that of that of the Public Records Law to a private not-for-profit organization leasing the facilities of a county hospital would depend upon the duties and powers imposed on such a corporation under the terms of the lease agreement.
In the instant inquiry, the lease agreement between the corporation and the district expressly states that the corporation shall comply with Ch. 119 and s. 286.011, F.S., when engaged in the management and operation of the hospital. Thus, to the extent that the corporation is carrying out the terms of the lease and is engaged in the management and operation of the hospital, it is subject to the Public Records and Sunshine Laws.[10]
This office, however, has not been provided with any information indicating that the corporation, in negotiating for the purchase of a private hospital located in the county, is acting either pursuant to the agreement between the corporation and district or at the district's direction. You have advised this office that the corporation was not created by the district and is not subject to its control except as provided in the lease and the indigent care agreement. In addition, you state that the corporation could purchase the private hospital by independent means. This office has not been provided with any information indicating that the corporation is seeking funds from the district to acquire the property or that the district would otherwise be obligated or indebted by the purchase of such property.
Accordingly, I am of the opinion that the corporation is subject to Ch. 119, s. 286.011, F.S., when engaged in the operation and management of the public hospital; however, it is not, by virtue of lease, subject to the Sunshine or Public Records Laws when conducting business as a private organization unrelated to the lease agreement and when not acting on behalf of, or at the direction of the hospital district.
RAB/tjw
[1] Chapter 61-2275, Laws of Florida, as amended by Chs. 71-688, 72-568, 74-499, 76-387, and 84-451, Laws of Florida.
[2] See, Ch. 84-451, Laws of Florida, amending the district's enabling legislation to provide that the board of trustees of the district is authorized to lease, as lessee or lessor, such health facilities in or through which the district provides health and medical services. And see, s. 155.40(1), F.S., providing in part that any district hospital, organized and existing under the laws of this state, has the authority to enter into contracts with not-for-profit Florida corporations for the purpose of operating and managing such hospitals and to enter into leases with such corporations for the operating of existing facilities.
[3] See, e.g., Times Publishing Company v. Williams, 222 So.2d 470, 473 (2 D.C.A. Fla., 1969).
[4] See, e.g., McCoy Restaurants, Inc, v. City of Orlando, 392 So.2d 252 (Fla. 1980)
[5] Attorney General Opinion 78-24. See, AGO 78-161 (existence of contract between private nonprofit corporation and a district mental health board to provide mental health services does not, in itself, constitute a delegation of the district board's governmental or legislative powers). And see, Campus Communications, Inc. v. Shands Teaching Hospital and Clinics, Inc., 512 So.2d 999 (1 D.C.A. Fla., 1987), in which the district court relied on the lack of governmental control over the day-to-day operation of the nonprofit corporation in holding that a private corporation organized for the purpose of operating a public hospital and ancillary public health care facilities was not subject to s. 286.011, F.S.
[6] Section 119.011(2), F.S., defining "agency" to include "any other public or private agency person, partnership, corporation or business entity acting on behalf of any public agency."
[7] See, Parsons Whittenmore, Inc. v. Metropolitan Dade County, 429 So.2d 343 (3 D.C.A. Fla., 1983); and New and Sun-Sentinel company v. Schwab, Twitty Hanser Architectural Group, Inc., 570 So.2d 1095 (4 D.C.A. Fla., 1990), in which the court ruled that an architectural firm hired by a school board to perform professional services related to the construction of school was not an agency because "the architects did not participate in the school district's process to decide whether schools should be built."
[8] Schwartzman v. Merritt Island Volunteer Fire Department, 352 So.2d 1230 (4 D.C.A. Fla., 1977), cert.denied, 358 So.2d 132 (Fla. 1978). Recently the Second District Court of Appeal in Sarasota Herald-Tribune Company v. community Health Corporation, Inc., 582 So.2d 730 (2 D.C.A. Fla., 1991), set forth a test for determining the applicability of the Public Records Law to certain not-for-profit corporations providing services to public agencies. While the public board did not control the day to day activities of the private corporation, this factor was not, in the court's opinion, dispositive of the corporation's status as an agency. Expressly created to further the interests of the public hospital and to perform various important functions previously performed by the public hospital, the corporation was held to be a business entity acting on behalf of a public agency. The court considered various factors in reaching its decision:
1. Creation and Existence — Was the private entity created by the public agency; would the private entity exist at all but for the actions of the public agency?
2. Funding and Capitalization — Does the public agency provide substantial funds, capital or credit to the private entity or is it merely providing money to the corporation in consideration for the goods or services?
3. Goals and Purposes — Is the corporation's primary goal to help the public agency achieve its goals?
4. Ownership — On dissolution of the corporation who receives the assets?
5. Interdependence — Is the private corporation an independent entity?
[9] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980); AGO 81-101.
[10] Cf., Cape Coral Medical Center, Inc. v. NewsPress Publishing Co., Inc., 390 So.2d 1216 (2 D.C.A. Fla., 1980) where special law creating hospital authority provided that authority's records were to be open and also provided that any lease must be consistent with such laws, records of nonprofit private medical center which was lessee of authority must be open to the public.