415 So.2d 830 (1982)
Miriam DONNER and Arthur J. Morburger, Appellants,
v.
Steve EDELSTEIN, Assistant City of Miami Attorney, Michael J. Murphy, Esquire, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., and the City of Miami, a Municipal Corporation, Appellees.
No. 82-58.
District Court of Appeal of Florida, Third District.
June 22, 1982.
*831 Miriam Donner and Arthur J. Morburger, in pro. per.
George F. Knox, Jr., City Atty. and Mikele S. Carter, Asst. City Atty., Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellees.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
We leave for another day the question whether by enacting the Florida Evidence Code, Section 90.502, Florida Statutes (1981) (effective date July 1, 1979), declaring that communications between lawyer and client are confidential, the Legislature has effectively amended the earlier enacted but subsequently reenacted law allowing the inspection and examination of public records, Public Records Act, Sections 119.01-12, Florida Statutes (1981) (effective date July 1, 1975), and exempted therefrom records reflecting lawyer-client communications as "public records which are presently provided by law to be confidential," § 119.07(3)(a), Fla. Stat. (1981), since on the record before us we need only decide whether the original petition for writ of mandamus filed by Donner and Morburger, which alleged in pertinent part that the respondents, an assistant city attorney of the City of Miami and a private attorney employed by the City to represent it in connection with certain pending litigation brought by Donner against the City, were custodians of public records (that is, files and papers relating to such litigation), and refused to produce such records for inspection and examination, stated a claim for mandamus relief under the Public Records Act or, as the trial court held, was subject to dismissal.
On the state of this record, we find no basis upon which the dismissal of the petition can be upheld. The records, as described in the petition, quite clearly fall within the definition of public records as broadly defined in Section 119.011, Florida Statutes (1981); the trial court, dismissing the complaint on its face, most certainly made no determination that the records sought, or any of them, fell without this definition, see Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980); and the records sought are those of an agency as defined in Section 119.011(2), Florida Statutes (1981), see Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979); State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1977). We cannot, as the respondents suggest we do, read the trial court's unelucidating bare bones order of dismissal, which recites only that the relators have not made out a prima facie case, as a ruling that the records sought were exempt from disclosure,[1] since in our view (1) any claim of exemption, or non-disclosure, is in the nature of an affirmative defense which must be raised in response to the issuance of an order to show cause why the relief sought should not be granted; (2) in any event, exemption could only be determined by reference to specific records, § 119.07(2)(a), Fla. Stat. (1981), none of which were before the trial court; and finally, a ruling on an exemption would necessarily be a ruling on the merits, not a dismissal for failure to make out a prima facie case.
Accordingly, we reverse the trial court's order of dismissal with directions to issue an order to the respondents to show cause why the relief prayed for in the petition should not be granted, and for further proceedings.
Reversed and remanded.
NOTES
[1] The respondents also ask us to read the dismissal as a ruling that the relators, because involved  Donner as a party, Morburger as her counsel  in litigation with the City of Miami in which these records are sought through the rules pertaining to discovery, are disqualified from asserting rights as members of the public under Chapter 119. If the respondents choose to raise this dubious defense, see Wait v. Florida Power & Light Co., supra, they, of course, may affirmatively do so, and in due course the trial court will undoubtedly rule on it.