417 So.2d 1053 (1982)
Ronald J. TOBER, Director of Metropolitan Dade County Transit Agency and Metropolitan Dade County, Appellants,
v.
Isabel SANCHEZ, Appellee.
Ofelia ESCOBEDO, Appellant,
v.
Ronald J. Tober, Director of Metropolitan Dade County Transit Agency and Metropolitan Dade County, Appellees.
Nos. 81-742, 81-1858.
District Court of Appeal of Florida, Third District.
July 27, 1982.
Rehearing Denied August 30, 1982.
*1054 Robert A. Ginsburg, County Atty., and John E. Finney, Asst. County Atty., for Ronald J. Tober and Metropolitan Dade County.
Stabinski, Funt, Levine & Vega, Scherman & Zelonker and Regina F. Zelonker, Miami, for Isabel Sanchez and Ofelia Escobedo.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
These consolidated appeals involve the identical question as to whether the official charged by law with the maintenance of public records pursuant to Section 119.021, Florida Statutes (1979), may transfer actual physical custody of the records to the county attorney and thereby avoid compliance with a request for inspection under the Public Records Act, Chapter 119, Florida Statutes (1979). We answer this question in the negative.
Both cases had their genesis when attorneys for potential claimants against the Metropolitan Dade County Transit Agency (Agency) sought inspection of the accident records and reports emanating from separate Agency bus accidents. The requests for inspection were denied and the attorneys instituted mandamus proceedings against Ronald J. Tober, as Director of the Agency, and Metropolitan Dade County (County). In Case No. 81-742, the trial court granted a peremptory writ of mandamus ordering compliance with the demands for inspection; while in Case No. 81-1858, the writ was denied and the application therefor quashed.
Tober and the County have presented three arguments in this court. First, they contend that since Tober no longer has actual possession of the records sought, he is not the custodian of the records for purposes of permitting inspection under Section 119.07(1)(a), Florida Statutes (1979). However, there is no doubt but that Tober, as Director of the Agency, is the officer "charged by law with the responsibility of maintaining the office" and is consequently the custodian of the subject records. § 119.021, Fla. Stat. (1979). Section 119.01, Florida Statutes (1979), expresses this state's policy that such records "shall at all times be open for a personal inspection by any person." To permit an agency head to avoid his responsibility simply by transferring documents to another agency or office would violate the stated intent of the Public Records Act, as well as the rule that a statute enacted for the benefit of the public is to be accorded a liberal construction. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
*1055 As their second and third arguments, Tober and the County claim that the accident reports are exempt from disclosure because they fall under the work-product doctrine and the attorney-client privilege. In Wait v. Florida Power & Light Company, 372 So.2d 420 (Fla. 1979), our supreme court determined that these judicially-created doctrines are inapplicable to the Public Records Act absent a statutory amendment including them among the exemptions to the Act's disclosure provisions. 372 So.2d at 424. This holding disposes of the work-product argument, but the claim of attorney-client privilege is not so easily dismissed. It has been suggested elsewhere that by enacting Section 90.502, Florida Statutes (1979), codifying the doctrine of attorney-client privilege, the legislature may have effectively amended the Public Records Act as contemplated by the Wait opinion.[1]Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA) (1982). Nevertheless, we expressly decline to venture into the area of statutory construction because we otherwise determine that there simply is no attorney-client privilege present in the instant case.
The records which both petitioners sought to inspect were internal accident reports prepared by Agency employees. No attorneys were privy to these reports until they were transferred by the Agency to the County Attorney's Office. Documents which are given by a client to an attorney in the course of seeking legal advice are privileged in the hands of the attorney only if they were privileged in the hands of the client. See Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), pet. for review denied, 397 So.2d 799 (Fla.), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). It is conceded that the subject reports were "public records" as defined by Section 119.011(1), Florida Statutes (1979), and therefore subject to disclosure, while in the hands of the "client" Agency. No privilege being accorded the reports during their tenure at the Agency, none can be conferred by merely transferring them to the County Attorney's Office. In Re Grand Jury Proceedings, 601 F.2d 162 (5th Cir.1979); United States v. Johnson, 465 F.2d 793 (5th Cir.1972).
It is apparent, therefore, that the information sought has been inappropriately placed with the County Attorney's Office and should be returned to its proper custodian, Ronald Tober, who will be compelled by our mandate to disgorge it.
We would be less than candid if we did not acknowledge that, as the present case demonstrates, public agencies are placed at a disadvantage, compared to private persons, when faced with potential litigation claims. It is also pertinent to observe that the wisdom of such a policy resides exclusively within the province of the legislature.
For the foregoing reasons, the order granting the peremptory writ of mandamus in Case No. 81-742 is affirmed and the order of denial in Case No. 81-1858 is reversed with directions to grant the peremptory writ of mandamus.
NOTES
[1] The bus accident in Case No. 81-742 took place prior to the July 1, 1979 effective date of the Florida Evidence Code, Section 90.101-.958, Florida Statutes (1979), while the bus accident in Case No. 81-1858 occurred after that date. Thus, were we constrained to discuss the applicability of Section 90.502 to the Public Records Act, such a discussion would only be relevant to Case No. 81-1858.