420 So.2d 653 (1982)
The MIAMI HERALD PUBLISHING COMPANY, a DIVISION OF KNIGHTRIDDER NEWSPAPERS, INC., Appellant,
v.
CITY OF NORTH MIAMI, a Municipal Corporation of the State of Florida; Tobias Simon, As City Attorney for the City of North Miami; Mayor Howard Neu, James Devaney, John Hagerty, Robert Lippelman, and Diane Brannen, As Members of the City Council of the City of North Miami, Appellees.
No. 81-2735.
District Court of Appeal of Florida, Third District.
October 19, 1982.
*654 Paul & Thomson and Sanford L. Bohrer and Richard J. Ovelmen, Miami, for appellant.
Simon, Schindler & Hurst and Deborah J. Miller, Miami, for appellees.
Milledge & Hermelee and Alan Rosenthal, Miami, for Media Relations Committee as amicus curiae.
C. Marie King, Clearwater, Doris E. Jenkins, Tallahassee, for the Government Lawyers Subcommittee of the Member Relations Committee of the Florida Bar as amicus curiae.
Before HUBBART, C.J., and BARKDULL and SCHWARTZ, JJ.
PER CURIAM.
Without actually reviewing or referring to the particular records in question, the trial court, stating that the order "applies only to those matters ... subject to the attorney-client privilege," denied the Miami Herald's petition for mandamus to compel disclosure of several North Miami litigation files under the Public Records Act, Secs. 119.01-.12, Fla. Stat. (1981). Since the order was entered prior to Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA 1982), and Donner v. Edelstein, (Fla. 3d DCA case no. 82-58, opinion filed, October 5, 1982), it understandably does not comply with the procedural requirements set out by those decisions for the determination of such issues in the trial court. Consequently, in accordance with Edelstein II, the order below is vacated, and the cause is remanded with directions to examine in camera the documents which are being withheld from disclosure under the privileges asserted; determine which, if any, are within the attorney-client privilege; which, if any, constitute "work-product" materials which are required to be disclosed under the Public Records Act, Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982);[1] and to retain copies of all records examined as sealed exhibits, so that either of the parties may thereafter seek appropriate review of the trial court's rulings.
Vacated and remanded with directions.
NOTES
[1] We note that Tober was likewise decided subsequent to the entry of the order under review.