445 So.2d 1068 (1984)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, DIVISION OF HIGHWAY PATROL, and James A. Carr, Petitioners,
v.
Susan Ann KROPFF, Respondent.
No. 83-2479.
District Court of Appeal of Florida, Third District.
February 14, 1984.
Rehearing Denied March 21, 1984.
Charles F. Mills and William A. Meadows, Jr., South Miami, for petitioners.
Rossman & Baumberger and Robert D. Peltz, Miami, for respondent.
Gabriel Mazzeo, Tallahassee, for Bill Gunter, Insurance Commissioner and Treasurer, as amicus curiae.
Before HENDRY, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The genesis of this petition for a writ of certiorari was a negligence action filed by Kropff against the Department of Highway Safety & Motor Vehicles, Division of Highway Patrol, and Trooper James A. Carr. For the reasons which follow we grant the petition, vacate the order entered by the trial court and remand for further proceedings.
During the course of discovery the plaintiff filed a notice of taking deposition pursuant to Florida Rule of Civil Procedure 1.310. As authorized by Florida Rule of Civil Procedure 1.310(b)(5) the plaintiff also filed a notice to produce directing the highway patrol's designated agent, see Fla.R. Civ.P. 1.310(b)(6), to bring to the deposition for inspection or copying
[a]ll statements, investigation reports, investigation memoranda, written notices, correspondence and documents of any nature relating to the FLORIDA HIGHWAY PATROL's investigation of the accident involving SUSAN ANN KROPFF on December 29, 1978 and the claims in lawsuit [sic] filed as a result of said accident by SUSAN ANN KROPFF, compiled, prepared, drafted or received at any time up until the present.
The notice also stated that "[t]his request is made pursuant to the provisions of Florida Statutes Section 119 et seq. [sic]," the Public Records Act. Following a motion for a protective order, a motion to compel discovery and a hearing on the parties' respective motions, the trial court denied *1069 the former motion, granted the latter and entered an order requiring the production of
[a]ll statements, investigation reports, investigation memoranda, written notes, correspondence and documents of any nature relating to the Florida Highway Patrol's investigation of the accident involving Susan Ann Kropff on December 29, 1978 and the claims and lawsuits filed as a result of said accident by Susan Ann Kropff, compiled, prepared, drafted or received at any time up until the present time by either the State of Florida, the Department of Highway Safety and Motor Vehicles, the Division of Highway Patrol or the Division of Risk Management, whether done through their employees, agents or attorneys (either in house or private counsel).
The trial court's order does not satisfy the procedural requirements established by this court in Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA), motion for order in accordance with mandate granted, 423 So.2d 367 (Fla. 3d DCA 1982), and Miami Herald Publishing Co. v. City of North Miami, 420 So.2d 653 (Fla. 3d DCA 1982). We therefore vacate the order below and remand with directions to examine in camera the documents which are being withheld from disclosure and determine which, if any, are exempt from the purview of the Public Records Act, §§ 119.01-.12, Fla. Stat. (1981 & Supp. 1982). We further direct that the trial court retain as sealed exhibits copies of all the records so that either of the parties may thereafter seek review of the trial court's ruling.
We note that the relief granted by the trial court requires the production of claim files maintained by the Division of Risk Management. Section 119.07(3)(a), Florida Statutes (Supp. 1982), provides that "[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from [the inspection requirements of the Public Records Act]" (emphasis added). See also Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979) (only public records provided by statute to be confidential or which are expressly exempted by general or special law from disclosure are exempt). Section 284.40(2), Florida Statutes (1981), provides that "[t]he claim files maintained by the Division of Risk Management shall be considered privileged and confidential and shall be only for the usage by the Department of Insurance in fulfilling its duties and responsibilities under this part" (emphasis added). The claim files of the Division of Risk Management are, therefore, exempt from the disclosure requirements of the Public Records Act, at least within the limits prescribed by Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), review denied mem., 426 So.2d 27 (Fla. 1983).
The petitioner's argument that certain of these documents are privileged under section 90.502, Florida Statutes (1981), has been addressed and disposed of by this court in Miami Herald Publishing Co. v. City of North Miami, Case No. 83-688 (Fla. 3d DCA Feb. 14, 1984).
Certiorari granted, order vacated and remanded with directions.[1]
NOTES
[1] We note but decline to address at length the procedure used by Kropff in mingling the provisions of the Public Records Act with discovery rules. Kropff's notice to produce was filed pursuant to Florida Rule of Civil Procedure 1.310(b)(5), which requires that production of documents be controlled by the procedures of Florida Rule of Civil Procedure 1.350. Rule 1.350 in turn limits the scope of such a request to documents constituting or containing matters within the scope of Florida Rule of Civil Procedure 1.280(b). Rule 1.280(b) delineates in some detail the scope of discovery. Although the Rules of Civil Procedure and the Public Records Act may overlap in certain areas, they are not coextensive in scope. Just as the supreme court did not in Wait, "we do not equate the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure ...," id. at 425. Compare, e.g., Fla.R.Civ.P. 1.280(b)(2) (work product discoverable only upon showing of need and inability without undue hardship to obtain the substantial equivalent of the materials elsewhere) with Tober (work product not exempt from the Public Records Act). Additionally, the Public Records Act provides its own procedures for making a public records request, see § 119.07, Fla. Stat. (Supp. 1982), and the department has provided procedures for such requests, see Fla. Admin. Code Rule 15-1.07. Neither the Rules of Civil Procedure nor the Public Records Act contemplates the highly unusual hybrid procedure used by Kropff. We do not see the need to decide the issue, however, while this case is in its present posture.