Ms. Nancy McClain Alfonso General Counsel Pasco County District School Board 38416 Fifth Avenue Zephyrhills, Florida 33540
Dear Ms. Alfonso:
As counsel to the District School Board of Pasco County, you have asked for my opinion on substantially the following question:
May the District School Board of Pasco County require that production and copying of public records be accomplished only through a private company that acts as a clearinghouse for the school district's public records information pursuant to a contract between the school district and the private company?
In sum:
The District School Board of Pasco County is not authorized to require that production and copying of public records be accomplished only through a private company that acts as a clearinghouse for the school district's public records information pursuant to a contract between the school district and the private company. Although the district may, for its convenience, contract with private companies to provide information also obtainable through the district, it may not abdicate its duty to produce such records for inspection and copying by requiring those seeking public records to do so only through its designee and then paying whatever fee that company may establish for its services. The district is the custodian of its public records and, upon request, must produce such records for inspection and copy such records at the statutorily prescribed fee.
According to your letter, the District School Board of Pasco County has entered into a contract with a company through which this company acts as a clearinghouse for information relating to the school district's competitive bid process. The company makes information such as bid specifications, tabulation sheets, and award status relative to competitive bids available to a network of suppliers as well as to the general public via the internet. You advise that under the contract, the company has "the exclusive right to provide access to such records, and has the right to charge a reasonable fee for the reproduction of any public information it has for all bids submitted `as provided by law'." You state that the company makes the bid information freely available and makes hard copies of this information available to the public at the rate of ten cents per copy plus a $5 processing and handling fee.
A competitor company has demanded that the district provide the same information it provides to the contractor company to this competitor under the provisions of the Public Records Law, Chapter 119, Florida Statutes. The district is unclear whether it must provide these records directly to the second company or may direct it to request these documents from the contractor company and pay the attendant fees.
There seems to be no question that these records are public records. However, in light of their status as public records, the question is whether the school district's public records may be maintained by a third party and whether the records may be made available to the public only through that third party.
The Public Records Law requires that
"[t]he custodian . . . furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8½ inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record."[1]
Thus, the statute imposes a duty upon the custodian of public records or his or her designee to produce public records for inspection and copying and allows a specified fee for these copies.
Courts in Florida have recognized that the responsibility of an agency to provide public records is as broad in scope as the term "public records." The only delay allowed is the time it takes for the agency to locate the record, review it for exemptions, and copy the record if a copy has been requested.[2]
Further, an agency may not avoid its responsibility under the Public Records Law by transferring custody of a record to another entity. For example, in Tober v. Sanchez[3] the court held that an official charged with the maintenance of records may not transfer actual physical custody of records to the county attorney in an effort to avoid compliance with a request for inspection pursuant to the Public Records Law.
Thus, while Chapter 119, Florida Statutes, does not contain an express requirement mandating that all of an agency's public records be maintained within the jurisdictional boundaries of the agency,[4] the agency is under a statutory and constitutional mandate to provide reasonable access to these records.
Although the Public Records Law does not prescribe a location at which public records must be maintained, it does suggest that such records be kept where they are ordinarily used. However, this does not preclude a public agency from maintaining public records off-site when such an arrangement is necessary so long as the statutory requirements for safekeeping are met.[5] When such arrangements must be made, for example when space for records storage at the courthouse is limited, the custodian of records remains responsible for providing reasonable access to these records under the terms of the Public Records Law.[6]
In Attorney General's Opinion 88-26, this office considered whether a county was required to provide access to microfilmed public records maintained outside the county when the originals were available for inspection and copying at the county courthouse. In concluding that the law did not require the transportation of copies of public records to the county courthouse when the originals were available, the opinion discussed the issue of availability of public records and copies of these records. As that opinion noted:
"By storing and maintaining public records at a private storage facility, the county has designated the storage company as custodian of the microfilmed copies of the public records subject to the inspection and copying provisions of Ch. 119, F.S. Absent a statutory provision exempting the microfilmed copies from public disclosure, the storage company, as the designated custodian, may not withhold the public records from inspection and copying."[7]
The intent of the Legislature in enacting the Public Records Law and the impetus for adopting Article I, section 24, Florida Constitution, was the facilitation of public access to governmental records.[8] The effect of Chapter 119, Florida Statutes, is to provide for an expedient and practical inspection of public records. Thus, any nonexempt record must be available for inspection at reasonable times and under reasonable circumstances.
In an informal 1997 opinion regarding the off-site maintenance of public records, this office suggested a number of safeguards for the public:
"[T]he public records must be readily available upon request; the requesting party may not be required to travel to the remote location in order to inspect and copy the records, rather, it is the duty of the custodian to retrieve the records and make them available; the cost of any transportation of records maintained outside the city in response to a request for production of records must be an expense of the custodian of records; these costs may not be passed on to the person making a public records request."[9]
The informal opinion concluded that the imposition of additional fees for the transportation of public records, or for the safe and convenient storage of public records off-site, could subject the custodian or his or her designee to the sanctions provided for violation of the law, including criminal penalties, a noncriminal fine and attorney's fees. Further, any delay in production of these records beyond what is reasonable under the circumstances could result in liability on the part of the custodian.
Similarly, in the event that the school district determines that public records should be maintained by a designee of the district, the district remains under a mandate to produce these records for inspection and copying in accordance with the provisions of Chapter 119, Florida Statutes, with the least imposition on the public that is possible. I would also note that the fees prescribed in the statute may be charged for copying but the statute contains no provision for a "processing/handling fee" and such a fee may not be imposed by the district itself for the production and copying of public records.
Therefore, it is my opinion that the District School Board of Pasco County is not authorized to require that production and copying of public records be accomplished only through a private company that acts as a clearinghouse for the school district's public records information pursuant to a contract between the school district and the private company. Although the district may, for its convenience, contract with private companies to provide information also obtainable through the district, it may not abdicate its duty to produce such records for inspection and copying by requiring those seeking public records to do so only through its designee and then paying whatever fee that company may establish for its services. The district is the custodian of its public records and, upon request, must produce such records for inspection and copy such records at the statutorily prescribed fee.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.07(1)(a), Fla. Stat. The statute defines "actual cost of duplication" to mean the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication. However, s. 119.07(1)(b), Fla. Stat., authorizes an additional charge for the "extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency. . . ."
[2] Tribune Company v. Cannella, 438 So.2d 516 (Fla. 2d DCA 1983),rev'd on other grounds, 458 So.2d 1075 (Fla. 1984), appeal dismissed subnom., DePerte v. Tribune Company, 105 S.Ct 2315 (1985).
[3] 417 So.2d 1053(Fla. 3d DCA 1982), review denied sub nom.,Metropolitan Dade County Transit Agency v. Sanchez, 426 So.2d 27 (Fla. 1983).
[4] Compare, s. 28.13, Fla. Stat., requiring the clerk of the circuit court to keep all papers filed in the clerk's office with the utmost care and security, and shall not permit any person to take papers which have been filed out of the clerk's office without leave of the court.
[5] See, s. 119.031, Fla. Stat., providing that:
"Insofar as practicable, custodians of vital, permanent, or archival records shall keep them in fireproof and waterproof safes, vaults, or rooms fitted with noncombustible materials and in such arrangement as to be easily accessible for convenient use. All public records should be kept in the buildings in which they are ordinarily used."
[6] See, Informal Opinion to Robert A. Sugarman, dated September 5, 1997 in which this office considered the off-site storage of public records and suggested that
"[T]he city should seek to balance the interests involved. The city's need to store some public records outside the city limits (if, for example, the records can be better maintained or are more secure at the remote site) must be weighed against the inconvenience to the public of having to wait for the records to be produced or traveling to the remote site. This balancing of interests must be made on a case by case basis and will depend on the facts unique to each case."
[7] See, Tribune Company v. Cannella, 458 So.2d 1075, 1078 (Fla. 1984) (no provision in the Public Records Law for anyone other than the custodian of records to withhold a record with the assertion of a statutory exemption) and Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982) (privilege to withhold a public record attaches only if the records are privileged in the custodian's hands; custodian may not transfer actual custody of records to the county attorney to avoid compliance with a request for inspection under Ch. 119, Fla. Stat.). Cf., Warden v.Bennett, 340 So.2d 977, 979 (Fla. 2d DCA 1976), in which the court concluded there was no requirement in the Public Records Law that, because information contained in public records is available from other sources, a person seeking access to the records must first show an unsuccessful attempt to obtain the information from those sources.
[8] See, s. 119.01(1), Fla. Stat., and Art. I, s. 24(a), Fla. Const. 
[9] Informal Opinion to Robert A. Sugarman, dated September 5, 1997.