Dear Representative Reynolds
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 If a public body, as defined by the Oklahoma Open Records Act, 51 O.S. 2001 Supp. 2004, §§ 24A.1-24A.28,[1] contracts with a private vendor to provide electronic access to and reproduction of the public body's records, is the public body still required to provide access to its records for inspection, copying, or mechanical reproduction at the public body's office?
¶ 1 In essence, you ask if a public body can delegate to a private vendor its duty under the Oklahoma Open Records Act ("Act"), 51 O.S. 2001 Supp. 2004, §§ 24A.1-24A.28, to provide public access to the public body's records. To answer your question, we must determine if a public body is required by the Act to make its records available to the public at its office, even if the records are made available at another physical location or through the world wide web. If a public body is required to make its records available to the public at its office, then a public body could not delegate to a private vendor its duty, under the Act, to provide the public access to the public body's records at another location or through the world wide web.
 The Oklahoma Open Records Act Requires A Public Body To Make Its Records Available To The Public At Its Office Regardless Of Where Else The Records May Be Made Available
¶ 2 The Act requires "[a]ll records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular businesshours[.]" 51 O.S. 2001, § 24A.5[51-24A.5] (emphasis added). Subsections 5 and 6 of Section 24A.5 of the Act further require:
 (5) A public body must provide prompt, reasonable access to its records but may establish reasonable procedures which protect the integrity and organization of its records and to prevent excessive disruptions of its essential functions.
 (6) A public body shall designate certain persons who are authorized to release records of the public body for inspection, copying, or mechanical reproduction. At least one such person shall be available at all times to release records during the regular business hours of the public body.
Id. (emphasis added).
¶ 3 Section 24A.5 of the Act requires records to be made available during the public body's regular business hours, but the statute does not expressly state the records must be made available at the public body's office. To ascertain whether the Legislature intended a public body to make its records available to the public at its office we must review the Act as a whole, in light of its general purpose and object. See Midwest City v.Harris, 561 P.2d 1357, 1358 (Okla. 1977) (legislative intent "is ascertained from the whole act in the light of the general purpose and object" of the Act).
¶ 4 The purpose of the Act is "to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." 51 O.S. 2001, § 24A.2[51-24A.2].[2] To fulfill this purpose the Act imposes a duty on a public body to "provideprompt, reasonable access to its records" and make a person available to release records during the public body's regularbusiness hours. Id. § 24A.5(5)-(6) (emphasis added). Also, the Act requires "[a]ny public body establishing fees under this act shall post a written schedule of said fees at its principaloffice" for retrieving and reproducing records. Id. § 24A.5(3) (emphasis added).
¶ 5 The Legislature's reference to the public body making its records available during "regular business hours," and the requirements that a public body "shall post" a fee schedule at the public body's "principal office," indicates the Legislature's intention that a public body's records will be made available to the public at its office, not at some private vendor's office, or elsewhere. Id. § 24A.5(3), (5), (6); cf. Tober v. Sanchez,417 So.2d 1053, 1054 (Fla.Dist.Ct.App. 1982) (agency head is the person charged with maintaining office and cannot transfer responsibility for providing public access to the agency's records).
¶ 6 A public body is required to maintain and provide public access to its original records. However, 67 O.S. 2001, § 301[67-301](A)(1) deems a public body's duplicated records to be original records if the records are duplicated in a manner acceptable to the State Archives and Records Commission.[3]
¶ 7 In reviewing the Act as a whole, and in light of the Act's general purpose, we find the Legislature intended that a public body must make its records available to the public at its office, either in original or approved duplicated format. The fact that a public body makes its records available at some other physical location or through the world wide web does not affect the public body's obligation to make its records available at its office.
¶ 8 The Act does not expressly address at what office location records must be maintained and made available to the public if a public body has more than one office location. It is our opinion that the "prompt, reasonable access" to records that the public must be provided under the Act indicates the Legislature's intent that the public body's records shall be maintained and available at the office where the records are located in the ordinary course of business.
¶ 9 The Act does not prohibit a public body from contracting with a private vendor for record storage or for converting records to an electronic format.[4] A public body may use a vendor to store records off site, but when a person requests records, the records must be retrieved from the storage site and provided to the requester at the public body's office.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A public body, as defined by the Oklahoma Open Records Act ( 51 O.S. Supp. 2004, § 24A.3(2)), that contracts with a private vendor to provide electronic access to and reproduction of the public body's records at another location or through the world wide web, is still required to provide access to its records for inspection, copying, or mechanical reproduction at the public body's office, pursuant to the Open Records Act. 51 O.S. 2001, § 24A.5(3), (5), (6).
 2. The fact that a public body makes its records available at some other physical location or over the world wide web does not relieve the public body of its obligation to make its records available at its office, either in original or approved duplicated format. Id.
 3. If a public body has more than one office location, its records must be maintained and made available to the public at the office where the records are located in the ordinary course of business. Id.
 4. The Open Records Act, 51 O.S. 2001 Supp. 2004, §§ 24A.1-24A.28, does not prohibit a public body from contracting with a private vendor for record storage or for converting records to an approved electronic format. A public body may use a vendor to store records off site, but when a person requests records the records must be retrieved from the storage site and provided to the requester at the public body's office.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] The Open Records Act defines a "public body" as including, but not limited to:
 [A]ny office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property, and all committees, or subcommittees thereof. Except for the records required by Section 24A.4 of this title, "public body" does not mean judges, justices, the Council on Judicial Complaints, the Legislature, or legislators[.]
51 O.S. Supp. 2004, § 24A.3[51-24A.3](2).
[2] Section 24A.2 of the Act provides in pertinent part:
 As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government. . . . The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power.
Id. (emphasis added).
[3] The State Archives and Records Commission has jurisdiction over the disposition of all public records and archives of state officers, departments, boards, commissions, agencies and institutions, pursuant to the Records Management Act, 67 O.S. 2001, §§ 201-216[67-201-216]. 67 O.S. 2001, § 305[67-305]. Political subdivisions are mandated by the Legislature to maintain a records management program, and, as far as practical, use the program established by the Records Management Act. A.G. Opin. 01-46 at 242 ¶ (3).
[4] A public body may comply with the public's request to review records in one of several ways so long as the manner selected by the public body "facilitate[s] the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." 51 O.S. 2001, § 24A.2[51-24A.2].