RODRIGUEZ, HEATHER PINDER, Associate Judge.
This appeal involves the question of whether a governmental entity may assert a public records exemption on behalf or at the direction of another governmental entity. We answer the question in the negative and reverse.
The instant appeal arises out of the trial court’s dismissal of a pro se petition for writ of mandamus and is reviewable on direct appeal. See Fla. R.App. P. 9.030(b)(1)(a); see also Mazer v. Orange Cnty., 811 So.2d 857, 858 (Fla. 5th DCA 2002). This Court reviews such orders under the de novo standard of review. Mazer, 811 So.2d at 859.
On May 24, 2012, Appellant, Robert Chandler, made an electronic public records request to the City of Sanford Police Department’s Volunteer Program Coordinator (“Coordinator”) requesting an original copy of an August 31, 2011 email sent by the Coordinator to George Zimmerman, a former neighborhood watch volunteer. At the time of the request, Mr. Zimmerman was a defendant in an active criminal investigation and prosecution related to the shooting, and ultimate death, of Tray-von Martin on February 26, 2012.[1] The case promptly generated widespread national media attention and many local governmental entities were inundated with public records requests. Moreover, at the direction of the Governor for the State of Florida, the investigation and prosecution *659 of Mr. Zimmerman was transferred from the local State Attorney’s Office for the Eighteenth Judicial Circuit to the State Attorney’s Office for the Fourth Judicial Circuit (“State Attorney”).
On May 25, 2012, the day after he first submitted his electronic request for the August 81, 2011 email, Chandler contacted the Coordinator by telephone and renewed his request. On June 2, 2012, Chandler contacted the attorney for the City of Sanford (“City”) and exchanged several emails with a City police department captain regarding his request. On June 6, 2012— eleven days from the date of his original request — Chandler received an email from the City advising that it was reviewing his request for processing.
On June 14, 2012, Chandler filed a pro se petition for writ of mandamus against the City (“Petition”) demanding the production of the requested records. The following day, the trial court issued an “Order Directing Petitioner to File Proof of Service and Respondents to Show Cause or File Responsive Pleading,” which each party subsequently responded to during the pendency of the case.
On June 21, 2012, the City produced to Chandler a number of August 31, 2011 emails between the Coordinator and Mr. Zimmerman in Adobe Portable Document Format (“.PDF”) and redacted Mr. Zimmerman’s email address from them. There were no other asserted redactions to the emails. At the time the redacted records were produced, the City had not been served with the Petition.
Chandler objected that the records produced were not responsive nor did they conform with the requirements of Florida’s Public Records Laws. Specifically, Chandler asserted that the City did not have the right to redact Mr. Zimmerman’s email address from the records, and was required to produce the records in the manner they were normally maintained, not as .PDF documents that could not be modified or edited.
In its defense, the City advised Chandler that it was unable to produce the requested records in their original, un-redacted format pursuant to a directive from the State Attorney. The City further advised that all of its records related to Mr. Zimmerman had been turned over to the State Attorney as part of the criminal investigation and prosecution of Mr. Zimmerman. The State Attorney then reviewed and redacted these records and returned the redacted records to the City as .PDFs purportedly for use in responding to public records requests. The City asserted that pursuant to the State Attorney’s directive and the ongoing criminal investigation and prosecution, the City did not have authority to release the original records.
On August 10, 2012, the trial court held a status hearing on the Petition. At the hearing, the City initially requested a continuance to depose Chandler and subpoena State Attorney representatives to testify at a future hearing regarding the State Attorney’s asserted exemptions. In lieu of granting the continuance, the trial court inquired if the City still possessed the original emails. The city attorney was unsure if the City still possessed the original records and reminded the trial court that the City was nevertheless under a directive from the State Attorney not to disclose the original emails.
Based on the foregoing, and without an evidentiary hearing, the trial court found that the State Attorney, not the City, was the proper party to the Petition and dismissed the Petition against the City. In so doing, the trial court advised Chandler that he was free to pursue his remedy against the State Attorney as it was the party that redacted the records and ordered dissemination of the revised public record. This appeal by Chandler ensued.
*660 The Florida Constitution requires that the public have full access to public records, which includes any “public record made or received in connection with the official business of any public body, officer, or employee of the state.” Art. I, § 24, Fla. Const. This constitutional right of public access to government records is “virtually unfettered” save for certain constitutional and statutory exemptions. Remeses, Inc. v. Demings, 29 So.3d 418, 421 (Fla. 5th DCA 2010). As repeatedly recognized by this court and others, courts must construe the public records law “liberally in favor of openness and any exemptions from disclosure are construed narrowly and limited to their designated purpose.” Id.; Nat’l Collegiate Athletic Ass’n v. Associated Press, 18 So.3d 1201, 1206 (Fla. 1st DCA 2009) (“The right to inspect a public record in Florida is not one that is merely established by legislation, it is a right demanded by the people.... Florida courts construe the public records law liberally in favor of the state’s policy of open government.”); see also Lightbourne v. McCollum, 969 So.2d 326 (Fla.2007); WFTV, Inc. v. Sch. Bd. of Seminole, 874 So.2d 48, 53 (Fla. 5th DCA 2004); City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994).
Given the aggressive nature of the public’s right to inspect and duplicate public records, a governmental agency may not avoid a public records request by transferring custody of its records to another agency. See Tober v. Sanchez, 417 So.2d 1053, 1054 (Fla. 3d DCA 1982). In the case at bar, the City asserts that it was under an order from the executive branch, specifically the State Attorney, not to produce the original, unredacted email. However, despite this instruction from the State Attorney, as a matter of law, the City remained the governmental entity responsible for the public records. While the court is sympathetic that the City was placed between a proverbial “rock and a hard place,” the City cannot be relieved of its legal responsibility for the public records by transferring the records to another agency.
As set forth in Tober, “[t]o permit an agency head to avoid his responsibility simply by transferring documents to another agency or office would violate the stated intent of the Public Records Act, as well as the rule that a statute enacted for the benefit of the public is to be accorded a liberal construction.” Tober, 417 So.2d at 1054; see also City of Miami Beach v. Berns, 245 So.2d 38 (Fla.1971).
Accordingly, we hold the trial court erred when it dismissed Chandler’s petition. We decline to address the other issues argued in the trial court proceedings and on appeal, including the asserted exemptions, the alleged delays in producing the electronic records, and the form in which they were produced. The order is vacated and the case remanded to the trial court for further proceedings.
VACATED and REMANDED.
COHEN and WALLIS, JJ„ concur.

. Although Mr. Zimmerman was found not guilty by the jury on July 13, 2013 — three days prior to the oral argument in this appeal — neither party asserts, nor does this Court find that the issue is moot.